## The County of Harris v. E. W. Taylor and Peter Gabel.

(Case No. 1099.)

1. DEDICATION — EVIDENCE.— The owners of land who laid off and established thereon a town, marked on one of the blocks on the map of the town the words "court-house." In a contest between the owners of lots fronting on that block, and the county in which the town was situate, in which the owners sought to enjoin the county from establishing a jail on the block, as perverting it to a use not contemplated in its dedication, the declarations of the original owners who had donated the property made during the early settlement of the town, to the effect that the block was intended for a court-house square, and was not intended or expected to be used for jail purposes, are admissible in evidence.

2. SAME.— Purchasers of lots who bought on the faith of such a dedication may enjoin the county from perverting the property to a use not contemplated in its dedication, and tending to their injury.

3. SAME — CHARGE OF COURT.— When the ownership of property by the plaintiff was admitted, and no issue made as to the date when the title was acquired, there was no error in the court failing to submit to the jury the question as to the time when title vested. Nor was there error in that part of the charge which assumed as an admitted fact that the plaintiffs bought their lots with reference to the city map, calling for the street on which they front, and that they owned the same.

APPEAL from Harris. Tried below before the Hon. James Masterson.

In addition to the statement of the case contained in the opinion, it may be stated that the appellant's first assignment of error related to the following clause in the charge of the court: "It is an admitted fact before you, and of which no further proof is necessary, that plaintiffs bought the property claimed by them respectively by said map, calling for the streets upon which the property fronts, and that at the institution of this suit, and now, they respectively own the lots claimed by them." The alleged error in the charge consisted in the failure of the court to submit the fact in connection with it, that plaintiffs, purchased their lots, one in 1851, and the

other in 1871, when the county had a jail building on the square. The charge of the court to the effect that block No. 31 was a public square, was also assigned as error, as not being authorized by the pleadings.

The court charged the jury " that, in the absence of overbalancing testimony to the contrary, the county authorities would not have the legal right to erect a jail or any other buildings thereon not to be used in immediate conjunction and for the convenience of the officers who have their offices by law in the court-house."

Appellant also complained that the court erred in admitting parol testimony as to declarations of the donors to contradict what was claimed to have been their intention in making the dedication, as indicated by the subsequent use of the block of ground by the county.

Mayor Wilson testified that the impression made on his mind from conversations with the dedicator in the early settlement of Houston, was that the block was intended for a court-house square for a court-house, and was not intended or expected to be used for a common jail.

The dedicator was not there when the log jail was erected on this block in 1840, but on his return he was annoyed at this use of the block, and said he had dedicated the block for a court-house, and not for a jail; and further said he would not make title to the block as long as it was used for a common jail.

*M. Looscan*, for appellant.

I. *First.* The court erred in charging the jury: "That it is an admitted fact before you, and of which no further proof is necessary, that plaintiffs bought the property claimed by them respectively by said map, calling for the streets upon which the property fronts, and that at the institution of this suit, and now, they respectively own the lots claimed by them," without submitting the further fact that plaintiffs purchased their said lots in 1851, and the other in 1871, at a time when the county had its common jail on said square.

*Second.* The court erred in charging the jury: "That block No. 31 was a "public square," when in fact it had been, since the laying out of the city of Houston, held and in the possession of Harris county (defendant), and in use by said county since its original dedication for court-house and jail purposes."

Under the two foregoing assignments our proposition is, that the charge was not authorized by the pleadings and the evidence, and

is error. Love *v.* Wyatt, 19 Tex., 312; Andrews *v.* Smithwick, 20 Tex., 111; Austin *v.* Polk, 20 Tex., 164.

II. The court erred in charging the jury: "That, in the absence of overbalancing testimony to the contrary, the county authorities would not have the legal right to erect a jail or any other building thereon, not to be used in immediate conjunction and for the convenience of the officers who have their offices by law in the court-house." The charge of the court does not contain a correct statement of the law applicable to the issues formed by the pleadings, and that it was calculated to mislead, and did mislead, the jury. Ely *v.* The City of Rochester, 26 Barb., 133; Blake *v.* the City of Brooklyn, 26 Barb., 301; Mace *v.* Trustees of Newburg, 15 How. Pr., 161; Abbott's Dig. of Cor., p. 536, sec. 553; 2 Dil. on Mun. Corp., 532, note; Castleton *v.* Langdon, 10 Vt., 210.

III. "The court erred in admitting parol testimony as to declarations of the donors to contradict their intention in making said dedication, as established by the subsequent use of it by the county for both court-house and jail purposes." Under this assignment our proposition is, that if the intention of the donors was established by the record as well as by usage, it was error to admit parol testimony to contradict their established intentions. Brown *v.* Manning, 6 Ohio, 298; id., 101.

IV. The court erred in overruling the defendant's motion for a new trial. A new trial should have been granted because the charge of the court did mislead the jury, and was throughout upon the weight of evidence. Garner *v.* McGowen, 27 Tex., 490; McGreal *v.* Wilson, 9 Tex., 426; Austin *v.* Talk, 26 Tex., 130; Andrews *v.* Marshall, 25 Tex., 215.

*Baker & Botts,* for appellees.

I. The parol testimony as to the declarations of the donor was not to contradict, but was consistent with the use for which the dedication was made, as indicated by the words "court-house square," indorsed on the block, and was explanatory of what was meant by these words, if indeed any explanation was necessary.

II. But if it was not admissible, the objection was not saved by bill of exceptions, nor does the record show the testimony was objected to; hence the objection cannot be urged in this court. Rule 55 for District Courts; Hagerty *v.* Scott, 10 Tex., 526; Carter *v.* Eames, 44 Tex., 537; 2 Dillon on Corp., secs. 499 and 503; Stump *v.* Trustees of Attica, 7 Ind., 641, 644; Hunter *v.* Trustees, etc., 6 Hill, 407; Smith's Leading Cases, vol. 2, pp. 154, 170.

III. This court will not decide questions of importance after their decision has become useless; and pending this appeal appellant has bought other property and erected a jail on it, that in beauty and efficiency is equaled only by the one in Galveston. See affidavit attached. Lacoste v. Duffy, 49 Tex., 767

WEST, ASSOCIATE JUSTICE.— Appellees brought this suit against the appellant, alleging that in 1837 A. C. and J. K. Allen were the owners of the land upon which the city of Houston now stands; that in 1837 the said Allens laid the same out in blocks and lots, public streets and public grounds, and forms now the principal part of the business portion of the city of Houston; that the said Allens caused to be made a map of the grounds so laid out, which exhibited the lots and blocks, the public streets and public grounds, or blocks dedicated to the public use of said city, and had it recorded in the county clerk's office; that they publicly exhibited said map, and sold to others the lots and blocks according to said map, and purchasers were induced to buy on the faith of the representations made on said map, with reference to the public streets and blocks as designated on said map; that one of said blocks was numbered 31, and was designated and marked on said map "court-house," by which designation and mark, and other acts of said Allens in connection therewith, the said block was dedicated by the said Allens to public use for a court-house, and the adjacent grounds surrounding, but not for any other use by the public; that the said Allens never parted with the title to said block further than they may be said to have done so by their act of dedication aforesaid; that the public accepted such dedication, and that afterwards the inhabitants of the town of Houston were incorporated and made a body corporate in July, 1837, and have ever since been so incorporated.

That all subsequent maps of said city have been in accordance with the one made by the said Allens; that in the year 1838, without any permission from the corporate authorities of Houston, the county of Harris had a log-house erected on said block marked "court-house," which house it used for a common jail for some years, until it became unsafe; that the erection of said log-house on said square was complained of by the citizens, as well as by the city of Houston, and that about September, 1840, the said corporate authorities demanded of said county to remove said jail from off said square, but the commissioners' court of said county deemed it inexpedient to do so at that time, because of the embarrassed state of the county finances;

that the county afterwards erected on said square a court-house, and inclosed said square with a neat and substantial iron fence, and that said square has since been laid out in walks and grass plots for the use and pleasure of the public, and has been planted in shade and ornamental trees and flowers to adorn it for the use of the public; that the county in 1856 purchased a lot in said city, locating thereon a county jail, and still owns it, and is used by it for such purpose; that appellees and others purchasing property abutting said square acquired an easement and privilege of said block for the purpose only of a court-house being thereon; that the county of Harris has determined to build a common jail on said court-house square, thereby proposing to appropriate said block to the use of the county, which does not own it, and to a use inconsistent with the express purpose for which said block was dedicated. That appellee Taylor is the owner of lots Nos. 8, 9 and 10, in block 46, which lots front on said square, and directly in front of the jail as it is now proposed to erect it; that at the time he purchased said lots it was generally understood that said square would not be used for the erection of another county jail, and that since then he has erected a dwelling-house on said lots at a cost of $5,000. That the appellee Gabel purchased lot No. 7, in block 30, fronting on another side of said square, in the year 1868, and since then he has erected a brick residence on said lot, at a cost of $10,000; that if said jail is erected it will be within one hundred feet of their houses, and that if said jail is erected it will be both a public and a private nuisance, that will greatly depreciate the value of their property.

The appellees obtained an injunction against the appellant and its commissioners' court, restraining said commissioners' court from taking further steps in the erection of said jail on said square.

The appellant answered by a general demurrer and a general denial, and by an answer admitting the map and plans of the city of Houston as made by the said Allens in 1837, and that property was sold in reference to the same, but saying that said block No. 31 was marked " court-house square " instead of " court-house," and that the said Allens dedicated said block No. 31 to the county of Harris for its county court-house and county buildings, to be used for the benefit of said county; that said county immediately accepted said block, took possession thereof, and has had and held peaceable possession of the same, with its court-house and other buildings thereon, to the present time; that in May, 1838, the county, through its commissioners' court, erected a court-house and jail on said square, and that the jail continued on said square in use by the county

for the confinement of its prisoners until 1854, when it became useless; that the jail was put on said square during the life-time of A. C. and J. K. Allen, and with their consent; that the appellee Taylor acquired title to his lots 8, 9 and 10 while the jail was on said square in the use of the county, and had notice of the location of said jail and of the claims and right of Harris county, and that he and his co-plaintiff were estopped from setting up any pretended easements in their favor. Appellant alleged that the jail was a public necessity; that it would be constructed in such manner as would prevent it from being either a public or private nuisance; that a street eighty feet in width intervened between said square and the proposed location of said jail and residence and property of appellees. That the building of said jail was authorized by the commissioners' court, and that the building of it was not inconsistent with the public use to which said square was dedicated by the said Allens.

The case was tried, verdict and judgment were for appellees, perpetuating injunction.

Appellant filed its motion for a new trial, which was overruled and an appeal taken.

The case is now here for revision. The court did not err when it assumed in the introductory paragraph of its charge, as an admitted fact, that the appellees had bought their lots with reference to the city map, calling for the street on which they front, and that they, now and when the suit was filed, owned the lots claimed by them. Their title to the lots was admitted. Nor was it a material error, or in fact of any consequence at all, that the court failed in its charge to submit to the jury the question as to the dates at which the appellees acquired title to their lots. The date of Gabel's purchase was expressly admitted, and there was no issue as to the date of Taylor's purchase. The dates of both purchases were in evidence before the jury without dispute. The court was not bound, under the facts of the case, to call the jury's attention more especially to this issue. The appellant very properly did not deem the matter of sufficient importance to ask the court to specially instruct the jury on the subject. Nor did the court err, under the pleadings and evidence, in informing the jury that block No. 31 in the city of Houston was a public square.

The court also ruled correctly in permitting parol evidence to go to the jury to show the purpose and intention of the original donors in making the dedication. Nor was there any bill of exceptions reserved to this action of the court. In the case of Lamar County

v. Clements, 49 Tex., 349, the same question was before this court. It was there held, after a full examination of the authorities, that the county of Lamar, having accepted the block or square in question from the donor for the purpose of erecting a court-house thereon, it was estopped from making use of the property thus dedicated for an altogether different and inconsistent purpose, and such as obviously tended, as in this case, to the injury of those who had purchased lots upon the faith of such dedication. Lamar County v. Clements, and authorities there cited.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 20, 1883.]