EDWARD A. BABCOCK *vs.* GEORGE F. LATTERNER.

May 25, 1883.

| 30 | 417|
| 51 | 522|

Construction of Deed.—A deed conveyed "all that piece or parcel of land * * * described as follows, to wit, being the north-east quarter of section 32, * * * except 40 acres in the south-east corner of the north-east quarter of said section 32." *Held,* 'that the deed did not convey the 40 excepted, but whatever title the grantors had thereto remained in them as if the deed had not been made.

Ejectment. Both parties claim title, through Adaline Babcock, to the south-east quarter of the north-east quarter of section 32, in township 117, range 23, situate in Hennepin county. The description in the deed from Adaline Babcock, dated September 13, 1864, and under which plaintiff claims, is as follows, viz.: "The north-east quarter of section 32, township 117, range 23, except forty acres in the south-east corner of said section 32."

The action was tried in the district court for Hennepin county before *Vanderburgh,* J., and plaintiff recovered judgment. Thereupon defendant paid the costs, and demanded a second trial, and, upon leave obtained, amended his answer by alleging a mistake in the above description in the deed under which plaintiff claims, in the omission of the words "of said north-east quarter" after the words "in the south-east corner," and praying for a reformation. It was stipulated that no new parties were made necessary by this amendment. Upon the second trial, before the court, *Lochren,* J., presiding, defendant recovered judgment in his favor, reforming the deed, and adjudging him to be the owner and entitled to the possession of the premises in dispute. Plaintiff appeals from this judgment.

*Koon, Merrill & Keith,* for appellant.

The excepting clause in the deed as reformed is a technical exception under the rules of conveyancing. Co. Litt. 47 (*a*); Bouvier Law Dict. "Exception;" 3 Washburn on Real Prop. 369; *Perkins* v. *Stockwell,* 131 Mass. 529; *Ashcroft* v. *Eastern R. Co.,* 126 Mass. 196. An exception is "the taking of something out of the thing granted which would otherwise pass by the deed." In this deed the grant is

unrestricted in the granting clause, and conveys the whole quarter-section in fee-simple; it is then defeated, as to a part, by the exception. To exclude from the grant altogether a part of the premises described, as if it had never been included in the deed, there must be a limitation or exception in the granting clause. A limitation· or exception out of the thing granted is not sufficient. 3 Washburn on Real Prop. 369, 370; *Greenleaf* v. *Berth*, 6 Pet. 302, 310. The exception in this deed is only in the thing granted. "By the deed the whole estate is deemed to pass to the grantee, who then conveys to the original grantor the new right or estate created by the reservation which is thus an implied grant." *Perkins* v. *Stockwell*, 131 Mass. 529.

An exception is construed by the same rules as a grant, (*Allen* v. *Scott*, 21 Pick. 25, 30,) and where words of inheritance are wanting, as in this case, only a life estate is reserved in the exception. 3 Washburn on Real Prop. 371; *Curtis* v. *Gardner*, 13 Met. 457; *Jamaica Pond Co.* v. *Chandler*, 9 Allen, 159, 170; *Ashcroft* v. *Eastern R. Co., supra.* Upon the death of Adaline Babcock, plaintiff became the owner in fee of the land in dispute.

The common-law rule requiring the use of the word "heirs" or other words of inheritance, in order to create an estate in fee-simple, had not been modified by statute or judicial decision in this state when this grant was made. *State* v. *Pulle*, 12 Minn. 99, (164;) *Blackman* v. *Wheaton*, 13 Minn. 299, (326;) Laws 1875, c. 51.

*Thomas Canty* and *R. H. Day*, for respondent.

BERRY, J. The reformed deed conveys to the grantee "all that piece or parcel of land * * * described as follows, to wit, being the north-east quarter of section thirty-two, * * * except forty acres in the south-east corner of the north-east quarter of said section thirty-two." The learned judge who tried the case below was entirely right in holding that the "legal effect of the excepting clause," as conveyances "are drawn, understood, and construed in this country, is to exclude from the grant the premises described in the excepting clause as fully as if left outside of designated boundaries." This is the plain and natural signification of the words used to describe the premises conveyed. They are, in effect, "all that piece or parcel

\* \* \* described as follows," viz., as being the north-east quarter, with forty acres taken out at its south-east corner; or, what is equivalent, the piece or parcel of the north-east quarter which remains after taking out said forty acres. The result is that the deed did not convey the forty, but whatever title the grantors had therein remained in them as if the deed had not been made. If there ever were any technical common-law rules inconsistent with these views, they have not only never been adopted or recognized here, but they have been systematically disregarded and rejected. .

Judgment affirmed.