HENRY F. HEITSCH *vs.* H. S. COLE, impleaded, etc.

November 10, 1891.

Promise to Release Surety—Consideration.—A surety on a promissory note, at the request of the holder, refrained from taking from the principal debtor security to indemnify him from liability, in reliance upon the promise of the holder that, if he would so refrain, he should be released from liability on the note. But for such request and promise, the surety would and could have obtained such indemnity. *Held,* that there was a sufficient consideration for the promise to release.

Action brought in the district court for Otter Tail county against Fred and Henry Heitsch as makers of a promissory note of $400. Cole, who alone answered, defended on the ground that he was a surety merely, and had been released by the transaction considered in the opinion. At the trial, before *Searle, J.,* the defendant had a verdict. The plaintiff appeals from an order refusing a new trial.

*H. E. Rawson,* for appellant.

*Charles C. Houpt,* for respondent.

MITCHELL, J. The defence in this action was that the defendant Cole had been released and discharged by plaintiff from all liability on the note in suit. The claim of plaintiff on this appeal is that it appeared from the evidence that there was no consideration for the alleged release. There was evidence reasonably tending to prove that Cole signed the note merely as surety for his co-defendants, which fact was known to the plaintiff; that shortly before the matu--

rity of the note there was an arrangement agreed upon between Cole and the principal makers, by which he was to assume payment of the note, in consideration of their transferring to him certain property to indemnify him or make him whole; that, upon this coming to the knowledge of the plaintiff, he requested Cole not to take the property, but to leave it in the business of the principal makers, (who were plaintiff's sons,) and then and there agreed and promised Cole that, if he would do so, he would be released and discharged from liability on the note; that upon such request, and in reliance upon such agreement, Cole refrained from taking the property to secure himself against liability on the note, which he could and would have done but for such request and agreement; and that the principal makers subsequently became, and are still, insolvent. If these facts were proved to the satisfaction of the jury, they constituted a sufficient consideration for the promise to release. A valuable consideration, in the sense of the law, may consist either in some benefit resulting to the one party, or in some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. Consideration means, not so much that one party is benefited, as that the other suffers detriment.

Order affirmed.