O. E. FLATEN *vs.* CITY OF MOORHEAD *et al.*

Argued Nov. 17, 1892. Decided Dec. 8, 1892.

**Deed of Land to Village for a Park Construed.**

Independently of, but immediately following, the description of the conveyed premises in a deed containing, without any exceptions, the usual covenants of warranty, in which deed the grantee was a municipal corporation, its successors and assigns, the expressed consideration a nominal sum, was this clause: "Said tract of land hereby conveyed to be forever held and used as a public park." The purpose of the conveyance was not stated elsewhere. *Held*, that upon the face of the instrument the municipality did not acquire an absolute title in fee to the premises.

Appeal by plaintiff, O. E. Flaten, from an order of the District Court of Clay County, *Mills*, J., made April 20, 1892, refusing an injunction.

On September 2, 1878, the Lake Superior and Puget Sound Company, a New York corporation, in consideration of one dollar, conveyed to the then Village of Moorhead, its successors and assigns, a piece of land situated near the center of the village. Immediately following the description of the premises conveyed were these words: "Said tract of land hereby conveyed to be forever held and used as a public park." Otherwise the deed was an ordinary warranty deed. The village accepted the grant. The City of Moorhead has succeeded the village. The plaintiff is a resident and freeholder of the city and owns property fronting on this park. By

this action he seeks to restrain the defendants, the city and its con- tractors, from erecting the city prison on the land so conveyed. On the pleadings and affidavits an order was granted directing defend- ants to show cause why a writ of injunction should not issue re- straining the construction, until the determination of the action. This injunction was, on the hearing, refused and the plaintiff ap- peals.

*Geo. E. Perley, W. B. Douglas* and *Peterson & Torgerson,* for ap- pellant.

The courts have broken away somewhat from the technical rules of common law, where matters of right are involved, and will not now disregard a positive injunction in a contract, because it is not set forth in the proper part of the deed, or in that part set aside for that special purpose by technical old-school lawyers. *Robinson* v. *Missisquoi R. Co.,* 59 Vt. 426; *Second Congregational Society* v. *War- ing,* 24 Pick. 304; *Board of Regents* v. *Painter,* 102 Mo. 464; *War- ren* v. *Mayor of Lyons City,* 22 Iowa, 351; *Attorney General* v. *Tarr,* 148 Mass. 309.

From the affidavits it seems clear that upon final hearing the material allegations of the complaint would turn out to be true, and in such case it is error to deny the writ. *Stees* v. *Kranz,* 32 Minn. 313; *Hill* v. *Lockwood,* 62 Wis. 507.

*C. A. Nye,* for respondents.

This deed is an absolute conveyance of the land in question to the Village (now City) of Moorhead. Its effect is broader than a mere dedication, and whatever may have been the intention of the parties, the instrument conveys an absolute title, unincumbered by any easement to maintain the land as a public park. The words in the deed following the description do not in any manner limit the grant; they do not create a condition subsequent. They do not create an exception nor a reservation; if any meaning whatever can be attached to this clause it is, that an attempt is made to restrict the use to which the land shall be put, but such a restriction is

void, because repugnant to the proprietary rights of an owner in fee. *Craig* v. *Wells*, 11 N. Y. 315; *City of Portland* v. *Terwilliger*, 16 Or. 465; *Taylor* v. *Binford*, 37 Ohio St. 262; *Carter* v. *Branson*, 79 Ind. 14; *Methodist Church* v. *Old Columbia P. G. Co.*, 103 Pa. St. 608; *Barrie* v. *Smith*, 47 Mich. 130.

COLLINS, J. This plaintiff brought an action against defendant city, and parties with whom it had contracted, to restrain them from erecting a city prison upon a certain tract of land which he claimed had been dedicated to the public for use as a public park. In the amended complaint it was alleged that a former owner had made the dedication by means of its deed of conveyance, a copy of the same being attached, and there were various allegations as to acts of the city amounting to an acceptance. The issues having been made, plaintiff obtained an order to show cause why an injunction pending the action should not be granted. An injunction *pendente lite* having been denied by the court on the consideration of this order to show cause, plaintiff appeals. The hearing below was had upon the pleadings, and upon certain affidavits submitted by the litigants, and it is evident that the court below construed the deed before mentioned as vesting in the village of Moorhead, predecessor of defendant city, an absolute title in fee, wholly without condition or reservation. If this was an erroneous conclusion, and upon its face the deed did not convey an absolutely unqualified fee-simple title, the order appealed from must be reversed, for an injunction *pendente lite* ought to have issued. A delay in building its prison might prove inconvenient, but not detrimental otherwise, to the municipality; while its completion upon the property pending litigation of this nature, ultimately terminating in plaintiff's favor, would do him, as well as the public and the general taxpayer, an irreparable injury. It is hardly an answer to this assertion to say that, if the final result of the action be against the city, the prison building could then be removed from the premises. The grantor of the deed was the Lake Superior & Puget Sound Land Company, and the village of Moorhead, its successors and assigns, the grantee,

with an expressed consideration of one dollar. In form it was a deed of warranty, with the usual covenants of seisin, of right to convey, against incumbrances, and for quiet enjoyment, and there were no exceptions to any of these covenants. The purpose of the conveyance was not stated in the granting or *habendum* clauses, but immediately following the only description of the premises were these words: "Said tract of land hereby conveyed to be forever held and used as a public park."

It is not incumbent upon us at this time to determine the precise nature of the estate conveyed by this instrument, whether a mere easement was acquired by the village, or an estate on condition or in trust. But we are obliged to consider the clause in question in connection with the remainder of the deed, and to give it the effect intended, if that can be discovered and is reconcilable with the main purpose of the parties. Whatever may have been the earlier doctrine, it is now thoroughly settled that technical rules of construction are not favored, and must not be applied so as to defeat the intention. In modern times they have given way to the more sensible rule, which is, in all cases, to ascertain and give effect to the intention of the parties as gathered from the entire instrument. *Witt* v. *St. Paul & N. P. Ry. Co.*, 38 Minn. 122, (35 N. W. Rep. 862;) *Grueber* v. *Lindenmeier*, 42 Minn. 99; (43 N. W. Rep. 964.) It is an important rule of construction, applicable to all written instruments, that every word and every clause shall, so far as possible, be given some force and meaning; and that in case, construing the whole instrument one way, meaning is given to every word and clause, while construing it another way some portion of the language used is rendered meaningless, the construction which gives force and meaning to all the language used is, as a rule, to prevail. This is upon the presumption that the party making the instrument did not use any language except what was necessary to make it speak the intention of the parties thereto. *Robinson* v. *Missisquoi R. Co.*, 59 Vt. 426, (10 Atl. Rep. 522.) These views were expressed when the court was construing a deed wherein the granting clause conveyed a fee to the grantee corporation, its successors and assigns, but to the description

of the premises were added the words "for the use of a plank road." It was held that the grantee took an easement only. In the case at bar the language now being considered was much more emphatic, and we think plainly evinces an intent to limit or qualify, or to attach a condition to the grant. The clause is detached and independent of that describing the tract of land, which was complete in itself, and it is without force or meaning unless it reduces the grant from an absolute fee to a less estate. It ought not to be ignored, and that it is not found in some preceding part of the deed would seem of little consequence in a common-sense view of the situation. It cannot be rejected unless we disregard the modern rules for construing all written instruments, and hold that, because no restriction or condition was placed in the granting or the *habendum* clauses, another clause in the conveyance which limits or qualifies, or imposes a condition on the estate granted, must be cast out and ignored, because misplaced. This should not be done, and as was said in *Babcock* v. *Latterner*, 30 Minn. 417, (15 N. W. Rep. 689:) "If there ever were any technical common-law rules inconsistent with these views, they have not only never been adopted or recognized here, but they have been systematically disregarded and rejected."

As to the construction and effect of deeds with like clauses, see *Fuller* v. *Arms*, 45 Vt. 400; *Clarke* v. *Inhabitants of Brookfield*, 81 Mo. 503; *Board of Regents* v. *Painter*, 102 Mo. 464, (14 S. W. Rep. 938;) *Kenworthy* v. *Tullis*, 3 Ind. 96; *Watters* v. *Bredin*, 70 Pa. St. 235.

Taking into consideration that the grantee was a municipality, and that the expressed consideration named in the deed was the nominal sum of one dollar, in connection with the unambiguous language found therein, and to which effect must be given, we conclude that, upon the face of the instrument, an absolute title in fee did not pass to the village.

Order reversed.

(Opinion published 53 N. W. Rep. 807.)