EDWARD S. FARRELL *et al. vs.* JULIUS D. HOWARD.

Argued by appellant, submitted on brief by respondents, Dec. 6, 1892. Decided Dec. 27, 1892.

**Contract to Convey Land Construed.**

> A contract having been entered into for a conveyance of certain land "subject to mineral reservation made by St. Paul & Duluth Railway Company," and it appearing that the vendor's title was derived from that company by a conveyance containing certain defined reservations with respect to mineral lands, the contract is held to refer thereto for a definite description of the reservation to be made.

Appeal by defendant, Julius D. Howard, from a judgment of the District Court of St. Louis County, *Stearns,* J., entered September 22, 1892.

On November 14, 1890, plaintiffs, Edward S. Farrell and William C. Turnbull, made a contract with defendant to purchase of him the north half of the southwest quarter of section fourteen, (14,) T. 51, R. 14, in St. Louis county, "subject to mineral reservation made by St. Paul & Duluth Railway Company." They were to pay him $4,000 for the land, and of this they paid down $400, and received an abstract of the title, and agreed to complete the purchase in thirty days if the title was found good. If not good, the $400 was to be returned. Defendant purchased of the Railway Company and his deed contained the exception stated in the opinion. Plaintiffs refused to accept a deed, and brought this action to recover the $400 they had paid; they claiming the title was not good on account of this exception. The defendant contended that this exception was the one mentioned and excepted in his contract with plaintiffs. The action was tried before the court without a jury. Findings were made and judgment entered for plaintiffs.

*William B. Phelps,* for appellant.

When the language of a reservation is ambiguous, reference will be had to the circumstances surrounding the parties when they used it. *Grennan* v. *McGregor,* 78 Cal. 258; *Grand Tower M. M. & T. Co.*

v. *Gill*, 111 Ill. 541; *French* v. *Williams*, 82 Va. 462; *Monfort* v. *Stevens*, 68 Mich. 61; *St. Paul, M. & M. Ry. Co.* v. *St. Paul Union Depot Co.*, 44 Minn. 325.

One circumstance alone throws a flood of light on this contract. It speaks of a "mineral reservation made by St. Paul & Duluth R. Co." Plaintiffs were required to ascertain from the abstract of title and the records, what this reservation was. The term "reservation" as used in the contract was understood by the parties as an exception. In its strict technical meaning it does not embrace anything in existence at the time the term is used, but in its more general and common use it may include an exception, and on the other hand, the term "exception" may be used with reference to a reservation. Devlin, Deeds, § 980; *Reidinger* v. *Cleveland Iron Min. Co.*, 39 Mich. 30; *Sloan* v. *Lawrence Furnace Co.*, 29 Ohio St. 568; *Whitaker* v. *Brown*, 46 Pa. St. 197; *Dunham* v. *Kirkpatrick*, 101 Pa. St. 36; *Elliot* v. *Small*, 35 Minn. 396.

A party may contract to convey all the interest he has, and however uncertain his title, the contract will stand and purchase money paid will be forfeited, if such title is refused. *McManus* v. *Blackmarr*, 47 Minn. 331.

*Cash & Williams*, for respondents.

We admit the provision in the deed to defendant was an exception. It excepts so much of the premises as are, or may be, mineral lands, or may contain gold, silver, etc. It also reserves the right to use such other surface ground as may be necessary for mining operations, and a right of way to the excepted mineral lands.

Under his contract, appellant was to show good title to all the lands, with a reservation of the minerals only. The contract cannot by any stretch of imagination, be made to apply to the surface lands.

The plaintiffs were entitled to demand of the defendant under their contract a good title to the whole of the surface of the land. The minerals only to be reserved to the railroad company. A reservation of the minerals would incidentally carry with it the right to penetrate the surface of the soil for the minerals, and to occupy so much of the surface and so much only, as would be necessary for the purpose of

mining. But this implied or incidental power will warrant nothing beyond what is strictly necessary for the convenient working of the minerals. It will allow no use of the surface, no deposit upon it, to a greater extent, or for a longer duration than will be necessary. *Marvin* v. *Brewster Iron Min. Co.*, 55 N. Y. 538; *Kaler* v. *Beaman*, 49 Me. 207; *Wardell* v. *Watson*, 93 Mo. 107; *Coleman* v. *Chadwick*, 80 Pa. St. 81; *Willms* v. *Jess*, 94 Ill. 464.

The reservation in defendant's deed from the railroad company gives it in the event of mineral found, on any part of the land, that part of the land, the surface as well as the mineral. The railroad company also reserves the right to enter upon and explore the land for the purpose of discovering minerals.

DICKINSON, J. The plaintiffs contracted to purchase from the defendant a specified tract of land, "subject to mineral reservation made by St. Paul & Duluth Railway Company," for a specified price, of which $400 was paid. The contract provided that if the title was not good, and could not be made good, the contract should be void, and the money paid should be returned. The defendant's title was acquired by a deed from the St. Paul & Duluth Railroad Company, in which the conveyance was qualified by a clause "reserving and excepting from said described premises so much and such part thereof as are or may be mineral lands, or may contain gold, silver, copper, coal, or iron, and also the use and right and title to the use of such surface grounds as may be necessary for mining operations, and the right of access to such reserved and excepted mineral lands, including lands containing gold, silver, copper, coal, or iron, for the purpose of exploring, developing, and working the same."

The question to be decided is whether a deed from the defendant conveying the premises to the plaintiffs, but with the same qualifying clause last recited, conveyed such a title as the contract called for.

The contract, read alone, does not distinctly specify the nature or extent of the exception or reservation by which the conveyance is to be qualified. It is apparent, however, that in the language of the contract above recited the bare words, "mineral reservation," which,

standing alone, would be of uncertain, equivocal import, were not used as defining the reservation to be made. The language points to a particular "mineral reservation made by St. Paul & Duluth Railway Company." Reference is thus made, for a more particular description of the reservation, to some conveyance or other instrument executed by that railroad company in respect to this land, and in which a mineral reservation is made. When it is discovered that the defendant's title or interest was derived from that company through a deed (or, as was orally suggested on the argument, under a contract for a conveyance) in which is the "excepting and reserving" clause above recited, it must be concluded that *this* was the "mineral reservation" intended to be designated by the language of the contract above recited.

The conclusion is that the deed tendered by the defendant, conveying the title, but containing the same reservation and exception as that embraced in his deed from the railroad company, was a compliance with the contract on his part, and that the plaintiffs are not entitled to recover the purchase money paid.

Judgment reversed.

(Opinion published 53 N. W. Rep. 801.)

Argued by appellant, submitted on brief by respondent, Dec. 2, 1892. Decided Dec. 27, 1892.