# N. P. EMIL CARLSON v. MINNESOTA LAND & COLONIZATION COMPANY and Others.[1]

February 3, 1911.

Nos. 16,874—(237).

**Reservation in deed — intent of parties.**

The proper rule for the construction of a deed of conveyance which contains an exception or reservation is to ascertain the intention of the parties by a consideration of the entire instrument, the purpose of introducing the exception or reservation, its nature, and the attending facts and circumstances surrounding the parties at the time of its execution.

**Reservation of minerals — construction.**

A deed conveying eighty acres of land contained the following reservation and exception:

"Reserving and excepting from said lands such as are now known, or shall hereafter be ascertained, to contain coal or iron, and also the use of such surface ground as may be necessary for mining operations, and the right of access to such reserved and excepted coal and iron lands, for the purpose of exploring, developing, and working the same, together with the hereditaments and appurtenances thereunto belonging or in any wise appertaining, with the reservations and exceptions before stated."

*Held,* the exception is not repugnant to the grant and is not void for uncertainty. The instrument operates as a conveyance of the land with the exception of the coal and iron contained therein, reserving the right to enter upon the same for the purpose of exploring and mining the minerals excepted.

Action in the district court for Crow Wing county to determine adverse claims to certain vacant and unoccupied land. The substance of the answer is stated in the opinion. Plaintiff's demurrer to the separate answer of defendant company was overruled. From a judgment, Stanton, J., adjudging title to the land to be in defendant Minnesota Land & Colonization Company, plaintiff appealed. Affirmed.

*B. H. Bowler,* for appellant.

[1] Reported in 129 N. W. 768.

*Lightner & Young* and *Parsons & Brown* and *E. T. Young,* for respondent.

LEWIS, J.

Action to determine adverse claims of title to eighty acres of land in Crow Wing county. The Minnesota Land & Colonization Company answered, and alleged that in 1905 it conveyed the premises to Ellzey by a deed which contained the reservation and exception as follows: "Reserving and excepting from said lands such as are now known, or shall hereafter be ascertained, to contain coal or iron, and also the use of such surface ground as may be necessary for mining operations, and the right of access to such reserved and excepted coal and iron lands, for the purpose of exploring, developing, and working the same, together with the hereditaments and appurtenances thereunto belonging or in any wise appertaining, with the reservations and exceptions before stated." And the answer also alleged that the plaintiff bought the lands subject to the right, title, and interest therein, as provided by the reservation.

Plaintiff demurred to the answer, upon the ground that it did not state facts sufficient to constitute a defense. The demurrer was overruled, and the plaintiff appealed. The suggestion of appellant is that the reservation is void for uncertainty, and that the exception is repugnant to the grant, and void.

There are certain elementary principles with reference to the construction of reservations and exceptions in deeds, which require no special consideration. The intention of the parties is to be ascertained from the entire instrument, including the reservation or exception. This includes the ordinary meaning of the words, recitals, context, subject-matter, the object or purpose of introducing the exception or reservation clause, the nature of the reservation or exception, and the attending facts and circumstances surrounding the parties at the time of the making of the deed. It is also elementary that the reservation or exception is void, when totally repugnant to the granting clause. When the grant is direct and positive, it cannot be set aside by an indirect method in the form of an exception or reservation.

Generally speaking, an exception is a part of the thing granted, and must be in esse at the time of the grant. A reservation is some new thing created by the terms of the grant, as an easement or right of way. They are often used interchangeably. The first clause, "reserving and excepting from said lands such as are now known, or shall hereafter be ascertained, to contain coal or iron," taken by itself, would seem to refer to the entire tract granted, surface and all, and would be repugnant to the grant. The second part, "reserving the use of such surface ground as may be necessary for mining operations, and the right of access to such reserved and excepted coal and iron lands for the purpose of exploring, developing, and working the same," when considered without reference to the first part, is incomplete. But we must consider them together, and see if the parties succeeded in expressing any definite purpose. This form of expression is not uncommon, when it is the intention to except the minerals from the grant. For instance, in Farrell v. Howard, 52 Minn. 76, 78, 53 N. W. 801, the following was recognized as a proper form of excepting the minerals: "Reserving and excepting from said described premises so much and such part thereof as are or may be mineral lands, or may contain gold, silver, copper, coal, or iron, and also the use and right and title to the use of such surface grounds as may be necessary for mining operations, and the right of access to such reserved and excepted mineral lands, including lands containing gold, silver, copper, coal, or iron, for the purpose of exploring, developing, and working the same."

While each part of the exception now before us, when considered separately, fails to express any definite, valid, exception or reservation, when considered as a whole it becomes intelligible. The owner may convey any part of real estate. He may convey some particular deposit or stratum and retain the surface, or he may convey a part or all of the mineral strata or deposits and retain the surface. Such strata or deposits are land. In this deed the use of the surface is expressly reserved for mining operations. If it was the purpose to convey title to the surface, there was no reason for reserving the use of the surface; hence title to the surface passed to the grantee. The subject of coal and iron was referred to for some purpose. It

·was the common practice in that part of the state to except the minerals in grants of real estate. From all these circumstances it fairly appears that the title to the land, including the surface, was intended ·to pass to the grantee, with the exception of the coal and iron ore contained therein.

We have, then, a grant of the land with the exception of the coal and iron, with the right, in the nature of a reservation, to enter upon the premises for the purpose of exploring and mining the minerals excepted. Farrell v. Howard, 52 Minn. 76, 53 N. W. 801; Sanborn v. City of Minneapolis, 35 Minn. 314, 29 N. W. 126; Knight v. Indiana, 47 Ind. 105, 17 Am. Rep. 692; Caldwell v. Copeland, 37 Pa. St. 427, 78 Am. Dec. 436; Kincaid v. McGowan, 88 Ky. 91, 4 S. W. 802, 9 Ky. Law Rep. 987, 13 L.R.A. 289; 13 Cyc. pp. 672–678.

Affirmed.

JAGGARD, J., absent, took no part.