## THOMAS SANDRETTO v. CHARLES WAHLSTEN and Another.[1]

January 16, 1914.

Nos. 18,346—(221).

**Deed with inconsistent descriptions — intent of parties — construction.**
1. A deed purported to convey the portion of the grantor's land lying west of a designated county road. Its courses and distances and statement of amount conveyed would carry the grant to the east of the road. The cardinal rule of construction of contracts is to give effect to the intention of the parties. In construing a deed with inconsistent descriptions, prefer-

[1] Reported in 144 N. W. 1089.

ence is given to the part most likely to express the intention of the parties, and as to which there is least likelihood of mistake. The reference to the county road as a boundary is *held* to prevail over courses and distances and figures as to the quantity of land conveyed.

**Same — evidence.**

2. If doubt exists as to the meaning of the language of a deed, reference may be had to the circumstances attending its execution, the parties' practical construction of it, and the previous negotiations of the parties. The evidence as to such matters makes clear the actual intent of these parties to bound their grant by the county road.

Action in the district court for St. Louis county. The answer, among other matters, alleged that it was the intention of James W. Sherman, the grantor, and Gust Lee, the grantee, in a certain deed made in the year 1903 to convey and to purchase only that part of the 40-acre tract which lay west of the Tower and Embarrass road and if, as a matter of fact, the measurements were incorrect and the metes and bounds in the description covered any portion of the tract other than lands lying west of that road, the same were a mutual mistake of the parties and contrary to their intention. The foregoing allegation was denied in the reply, which alleged that plaintiff bought and Gust Lee sold 24 acres as alleged in the complaint. The case was tried before Ensign, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

*Crassweller, Crassweller & Blu,* for appellants.

*I. Grettum,* for respondent.

HALLAM, J.

1. This is an action in ejectment. One Sherman owned 40 acres of land in St. Louis county, with a road running through it known as the Tower and Embarrass road. In 1903 he conveyed part of the land to one Gust Lee, plaintiff's grantor, by a deed, describing the tract conveyed as follows:

"Commencing at the northwest corner of the southeast quarter of the northwest quarter of section eight (8), of township sixty-one

(61) of range fifteen (15) west, thence running east on the north line of said S. E. ¼ forty-eight (48) rods, thence in a southerly direction eighty (80) rods to a point on the south line of said southeast quarter forty-eight (48) rods east of the southwest corner of said southeast quarter, thence west forty-eight (48) rods to the southwest corner of said southeast quarter, thence north on the west line to point of beginning, the same being that part of said southeast quarter being and lying west of the public highway, known as the Tower and Embarrass road, containing twenty-four acres." Lee conveyed to plaintiff by the same description.

In 1909 Sherman conveyed the balance of the land to defendants by deed, describing it as "the easterly sixteen (16) acres" of said forty, being the whole thereof, "excepting the land conveyed to Gust Lee."

The case turns on the construction of the first deed. As a matter of fact the metes and bounds and the designation "twenty-four (24) acres" contained in this deed carry the east boundary of the land conveyed clear across the Tower and Embarrass road, and, if these figures are to be followed, plaintiff acquired not only the land on the west side of the road, but also a narrow strip on the east side of the road. In other words, the description of the land as "lying west of the public highway, known as the Tower and Embarrass road" conflicts with the courses and distances, and also with the recital as to the quantity of land conveyed.

It seems clear that the description of the land as "lying west of the public highway" must prevail, and that the figures must give way. The cardinal rule of construction of deeds is to ascertain and give effect to the intention of the parties. Witt v. St. Paul & N. P. Ry. Co. 38 Minn. 122, 127, 35 N. W. 862. In construing a deed with inconsistent descriptions, courts will give preference to the part which is most likely to express the intention of the parties and as to which there is least likelihood of mistake. For this reason a reference to a monument in a deed, such as a county road, will usually prevail over courses and distances and figures as to quantity of land conveyed. Newell, Ejectment, p. 547, § 14; Bellows v. Jewell, 60 N. H. 420; Smith v. Negbauer, 42

N. J. L. 305.    There is less likelihood that the parties will be mistaken as to which side of a county road the land lies than as to the dimensions and quantity of the land.

2. If there is any doubt as to the matter, then, in resolving such doubt, we may consider the facts and circumstances attending the execution of the deed, the practical construction of the deed by the parties and their grantees, and the preliminary negotiations of the parties.    United States v. Bethlehem Steel Co. 205 U. S. 105, 118, 27 Sup. Ct. 450, 51 L. ed. 731; Stoops v. Smith, 100 Mass. 63, 1 Am. Rep. 85, 97 Am. Dec. 76; Mason v. Ryus, 26 Kan. 464.    A reference to these matters leaves no doubt as to the actual intent of the parties.    They negotiated for the land west of the road, and no more, and they requested a scrivener to so draw the deed.    Upon his suggestion that a road was not a satisfactory boundary line, since it might be changed, the grantor undertook to measure the tract.    He measured the north line, and his crude measurement showed this line to be 48 rods from the northwest corner to the center of the road.    These figures were accordingly inserted in the deed.    For years the parties to the original deed recognized the road as their boundary.    Not until years after did any party concerned claim that the deed conveyed anything beyond the road.    At the time the deed was given, the grantor was occupying the land on the east side of the road, and a conveyance of this strip, inconsequential to his grantee, would have cut him off from all access to the road.    Clearly the parties intended no such result.    They intended to bound the grant on the east by the Tower and Embarrass road.

Judgment reversed, with directions to proceed in accordance with this opinion.