MIDLAND TRUST & SAVINGS BANK, AS ADMINISTRATOR OF THE ESTATE OF ANN NAGLE, DECEASED v. TERENCE W. NAGLE AND OTHERS.[1]

November 10, 1921.

No. 22,447.

**Construction of deed.**

1. A deed containing the provisions set out in the opinion, conveyed only a life estate to plaintiff's intestate. Title to so much of the land as was not conveyed in fee to the other grantees remained in the grantor, although there was no reservation written into the deed.

**Sufficient consideration for release.**

2. The grantor conveyed a two-thirds interest in fee to his brothers. Such conveyance was a detriment to him and a sufficient consideration for a release by plaintiff's intestate of his obligation to support her.

Action in the district court for Dakota county to determine adverse claims to certain land. The case was tried before Converse, J., who made findings and dismissed the action. From an order denying plaintiff's motion for amended findings or for a new trial, plaintiff appealed. Affirmed.

*T. A. Alexander* and *H. S. Locke,* for appellant.
*Allen & Straight,* for respondent.

LEES, C.

This is an action to determine adverse claims to land, in which the findings were against the plaintiff, and were followed by this appeal,

[1]Reported in 184 N. W. 1028.

which is from an order denying a motion for amended findings or a new trial.

The land was originally owned by John Nagle. January 19, 1898, he and his wife Ann conveyed it to their son Terence. The deed recited that the land conveyed was the grantors' homestead, reserved an estate for life to them and contained a condition to the effect that the grantee would support the grantors on the premises during their several lifetimes and would not encumber the land or sell or convey it except to his brothers or to his father or mother. If he failed to fulfil these conditions the deed was to become void. May 18, 1898, Terence executed a deed of the land, in which his mother Ann Nagle and his two brothers Joseph and Frank Nagle were named as grantees. The deed purported to grant all of the land to the grantees named therein. Immediately after the description there was written into the deed a clause reading as follows:

"In the following proportions and to each of said grantees the following interests to-wit:

"To said Joseph P. Nagle and Frank R. Nagle the Undivided two-thirds of said lands, subject to the life estate of Ann Nagle hereinafter named, To Have and to hold to them and their heirs forever, subject only to said estate for life.

"To said Ann Nagle The said lands and the whole thereof for and during the term of her natural life To Have and to Hold to her said Ann Nagle for and during the term of her natural life.

"And the said Ann Nagle for and in consideration of the foregoing conveyances to her and to her two sons Joseph P. Nagle and Frank R. Nagle does by the acceptance of this deed release the said Terence W. Nagle party of the first part, from all the covenants and agreements to be by him kept and performed as specified in a certain deed from John Nagle and Ann Nagle his wife to Terrence W. Nagle wherein the above described land is conveyed to said Terrence W. Nagle. Which deed bears date the 18th day of January, A. D. 1898."

The deed contained the usual habendum clause followed by the words, "and in the proportions hereinabove specified."

Ann Nagle died intestate September 9, 1913. Plaintiff is the ad-

ministrator of her estate. In its complaint it alleged that by this deed Mrs. Nagle became the owner of a life estate in all the land described therein and also of an undivided one-third in fee. Defendants assert that all Mrs. Nagle took under the deed was a life estate, and that the grantor retained the one-third interest in fee which was not conveyed to his two brothers. It is argued, in support of plaintiff's position, that by the granting clause in the deed all the land was conveyed; that there was no reservation of any interest to the grantor; that Mrs. Nagle already owned a life estate in the land, and hence there was no reason for conveying such an estate to her again, and that, unless a one-third interest in fee was conveyed to her, she parted with her right to support for no consideration whatever. The argument is plausible, but any force it might otherwise have is overcome by the provisions in the deed above set out.

In Witt v. St. Paul & N. P. Ry. Co. 38 Minn. 122, 35 N. W. 862, it was said that the cardinal rule of construction is to ascertain and give effect to the intention of the parties to the deed, and to this end the court must consider all parts of the instrument. This has been repeated in subsequent cases and is the rule which controls in the construction of this deed. Grueber v. Lindenmeier, 42 Minn. 99, 43 N. W. 964; Flaten v. City of Moorhead, 51 Minn. 518, 53 N. W. 807, 19 L.R.A. 195; Lawton v. Joesting, 96 Minn. 163, 104 N. W. 830.

To give the granting clause the effect plaintiff claims it has, would nullify the subsequent provisions of the deed. It would enlarge Mrs. Nagle's estate by adding a fee interest to it, whereas the explicit declaration of the grantor is that each grantee shall take the interests in and proportions of the land granted which he then proceeds to define. If he had intended to convey a fee interest to his mother, he not only failed to say so, but, on the contrary, has taken pains to say that she shall only hold the land for and during the term of her natural life. This language is controlling and limited the interest of plaintiff's intestate to a life estate. It cannot be said that there was no consideration for Mrs. Nagle's release of her right to support. When the deed was made, the grantor owned the land, subject only to the life estate of his father and mother. By his deed he deprived himself of the two-

thirds interest in the land which he conveyed to his brothers. In consideration thereof his mother released him from his obligation to support her. True she did not directly receive anything for her release, but the new arrangement was presumably detrimental to the interests of the grantor, and it is elementary that detriment to one party to a contract is no less a consideration than is benefit to the other party. 1 Dunnell, Minn. Dig. § 1750; Heitsch v. Cole, 47 Minn. 320, 50 N. W. 235. The fact that the grantor did not expressly reserve an interest in the land is unimportant. It is too plain to admit of argument that, when the owner of the fee conveys an undivided two-thirds interest to others, he remains the owner of the one-third not conveyed, whether he reserves it or not.

The order denying a new trial is affirmed.