HARVEY S. JOHNSON AND ANOTHER, *d. b. a.* JOHNSON MOTOR COMPANY, v. J. J. MASON AND ANOTHER, *d. b. a.* MASON & SON.[1]

March 19, 1948.

No. 34,631.

*James K. Rietz,* for appellants.

*Lord & Walbran* and *Moonan, Moonan & Friedel,* for respondents.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying a motion for amended findings or a new trial. Defendants are the fee owners of certain property in Owatonna, Minnesota, upon which a garage building is located. September 25, 1945, they leased the property to plaintiffs as follows:

---

[1]Reported in 31 N. W. (2d) 910.

"THIS AGREEMENT, Made this 25th day of September 1945 by and between J. J. Mason and Leonard Mason, co-partners, dba Mason & Son party of the first part, Lessor, and Harvey S. Johnson and Gisle A. Johnson, co-partners dba Johnson Motor Co. party of the second part, Lessee

"WITNESSETH, That the said party of the first part, in consideration of the rents and covenants hereinafter mentioned, do__ hereby Remise, Lease and Let unto the said party of the second part, and the said party of the second part do__ hereby hire and take from the said party of the first part, the following described premises situated in the County of Steele and State of Minnesota viz:

"The north fifty (50) feet of Lot one (1) of Lot seventeen (17) except the east twelve (12) feet in Block twenty (20) in the original town (now city) of Owatonna.

"To HAVE AND TO HOLD, The said premises * * * for the term of five years from November 20th 1945 for the following purposes, to-wit:

"Automobile sales Agency and Electrical appliance yielding and paying therefor the rent of Two Thousand, Four Hundred Dollars ($2400.00) per year. See SCHEDULE.

\* \*· \* \* \*

"And the said Lessees do covenant to pay the said rent in equal monthly payments in advance, to-wit: The sum of Two Hundred Dollars, on or before the first day of every month during said term at Owatonna, Minnesota."

The schedule referred to in the lease reads as follows:

"Provided, however, that said parties of the second part shall pay $75 per month, rent for the showroom and office, and commencing March 1st, 1946, $45 in addition thereto for 33 feet, except an office therefrom, immediately adjoining said showroom and office to the East, and commencing at that time when the said parties of the first part shall vacate the remainder of said building, the sum of $200 per month, which shall include the entire building."

Plaintiffs moved into possession of the showroom and office about November 20, 1945. Since then, they have paid $75 each month for

those premises, and commencing March 1, 1946, they have paid $45 a month for the 33 feet, described in the schedule, of which they took possession on that date. Defendants have not vacated the remainder of the building, and so, if the provisions of the schedule control over the demising clause, plaintiffs' right to possession thereof has not commenced. They have brought this action for possession of "the remainder" on the theory that the provisions of the schedule are repugnant to the demise.

The trial court held that the schedule, made a part of the lease, constituted the lessors mere licensees of that part of the building of which they were still in possession and that, upon demand, the lessees were entitled to possession of the entire premises.

Plaintiffs contend that the demising clause of the instrument is controlling; that it calls for a full five-year term for the entire premises; and that the other provisions are repugnant thereto and void.

This court has held that instruments should not be construed by technical rules if the clear intent of the parties can be ascertained by construing the instrument as a whole. The modern tendency is to ignore the technical distinctions between the various parts of a conveyance and to seek the parties' intention from them all. Youngers v. Schafer, 196 Minn. 147, 153, 264 N. W. 794, 798; Flaten v. City of Moorhead, 51 Minn. 518, 53 N. W. 807, 19 L. R. A. 195; Sandretto v. Wahlsten, 124 Minn. 331, 144 N. W. 1089.

The law in this state in regard to exceptions from the grant is as follows:

"* * * An exception is good where the granting part of the deed is in general terms. 4 Kent, Comm. *468. 'It is void when the exception is as large as the grant, or the excepted part be specifically granted.' Id. Thus a block is a general description as respects the lots therein, and an exception of lots in a grant thereof is good. But the exception of one of several lots specifically granted would be void for repugnancy." Witt v. St. P. & N. P. Ry. Co. 38 Minn. 122, 128, 35 N. W. 862, 865.

In Babcock v. Latterner, 30 Minn. 417, 418, 15 N. W. 689, the deed contained the following description:

"all that piece or parcel of land * * * described as follows, to wit, being the north-east quarter of section thirty-two, * * * except forty acres in the south-east corner of the north-east quarter of said section thirty-two."

It was held that the deed did not convey the forty excepted, but whatever title the grantors had thereto remained in them as if the deed had not been made. The court said (30 Minn. 419, 15 N. W. 689):

"* * * If there ever were any technical common-law rules inconsistent with these views, they have not only never been adopted or recognized here, but they have been systematically disregarded and rejected."

See, also, Carlson v. Minnesota L. & C. Co. 113 Minn. 361, 129 N. W. 768.

In Emmons v. D. A. Schulte, Inc. 13 Del. Ch. 336, 337, 120 A. 221, there was a lease with an exception similar to that in the case at bar. The owner of a three-story building leased the same to a tenant for a term of 20 years at a rental of $12,500 a year. The last paragraph of the lease read as follows:

"The lessor, however, excepts and reserves for the personal use of himself, *so long as he may desire* to occupy the same as law offices the two rooms on the second floor of said building fronting on Market and Ninth streets, and the small hall room adjoining them, now occupied by him, for the use of which during the term of said occupancy the lessee is to be allowed a credit of forty-one and 66/100 dollars per month on account of the rent reserved in this lease." (Italics supplied.)

In that case, as in the case at bar, the lessee relied principally upon Pynchon v. Stearns, 52 Mass. (Metc.) 312, 45 Am. D. 210, as a precedent to support the contention that the exception from the operation of the lease was void for repugnancy. The Delaware court refused to follow the Massachusetts court and said (13 Del. Ch. 346, 120 A. 225):

"The question of whether there be a repugnancy between the demising portion of a lease and the exception seems to turn upon the question of whether, the exception being allowed to stand, there be something left for the language of the demise to operate upon. * * * In such case, there is no repugnancy, for effect can be allowed to all parts of the instrument. I conceive that this view is but a special application of the general rule of construction that the intent of a writing shall be gathered from its whole contents." (Citing cases.)

The tenor of the lease here under consideration, when read in its entirety, is general in its granting clause, but specific in the reservations appearing in the schedule. Consequently, under the rule as it prevails in this state, the lessors have a present right of possession to that part of the building they now occupy, and they are not mere licensees as held by the trial court. They occupy "the remainder" as a matter of right under the lease.

The order of the trial court is reversed with directions for further proceedings in accordance with the views herein expressed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.