204 P.2d 1061

**ELQUEST v. CITY OF PHOENIX et al.**
**No. 5095.**

Supreme Court of Arizona.
April 18, 1949.

H. B. Walker, of Phoenix, for appellant.

Jack Choisser, City Atty. and Howard W. Gibbons, Asst. City Atty., both of Phoenix, for appellees.

STANFORD, Justice.

This is an action instituted by appellant as a citizen and taxpayer on behalf of himself and others similarly situated to enjoin the City of Phoenix, a municipal corporation, et al., from the use of any portion of that area lying south of said city known as the "South Mountain Park" as a sub-jail or prison camp, and to expend public funds for the building and maintenance of same.

The larger part of the area in question, consisting of approximately 14,816 acres of rough mountainous land, was granted by patents directly from the United States Government to the City of Phoenix pursuant to a Special Act of Congress approved June 7, 1924, 43 Stat. 643, granting said land to the City of Phoenix for "municipal, park, recreation, playground, or public convenience purposes," the consideration being $1.25 per acre.

The grants of said land to the city were dated September 29, 1927; September 8, 1930; September 29, 1931, and March 6, 1935, respectively, and all containing the provision that said lands were to be used by the city "for municipal, park, recreation, playground, or public convenience purposes".

Said grants were made upon the express condition that the land so granted should be used by the city only for the purposes hereinabove enumerated and if

the land or any part thereof should be abandoned for such use, said land or such part should revert to the United States in accordance with the provisions of said Act of Congress of June 7, 1924.

Appellant alleges in his amended complaint in substance that under the terms of the grant the land in question could only be used for park, playground or recreational purposes and that its use as a sub-jail or prison camp violates the conditions of the grant, subjects the said land to forfeiture and to a reversion of said lands to the United States Government.

Appellees filed a motion with the trial court to dismiss said amended complaint upon the ground that it failed to state a claim upon which relief could be granted. The trial court entered its order sustaining appellees' motion to dismiss and appellant refusing to further plead, the court dismissed said cause of action with prejudice. From said order and judgment of dismissal, appellant brings the case to this court on the following two assignments of error:

The first is that the court erroneously dismissed appellant's amended complaint, and the second is that the court failed to correctly interpret and apply the Act of Congress of June 7, 1924, under which the United States Government granted the land in question to the City of Phoenix.

The specific language in said act to which reference is made is that portion thereof which states the purposes to which said lands shall be used, to wit: "for municipal, park, recreation, playground, or public convenience".

The purposes for which said land is to be used is expressed in the grants in the identical language as used in the Act of Congress authorizing the grants. Appellant takes the view apparently that because the uses therein designated include the words "park, recreation [and] playground" that the intention is thereby clearly expressed that said area can be used only for park or recreational purposes. Appellant seems to ignore completely the use of the words, "municipal * * * or public convenience purposes". The use of the disjunctive conjunction "or" indicates that congress intended to permit the use of said land for either or all of the above designated purposes. Certainly a municipal use can under no rule of construction or stretch of the imagination be limited to "park, recreation, or playground purposes", but in the absence of some restriction, must be deemed to be intended to include every governmental function of a municipality including the construction and maintenance of jails, prisons or prison camps. City of Jackson v. Alabama & V. Ry. Co., 172 Miss. 528, 160 So. 602.

Among the cases quoted from by appellant are: Flaten v. City of Moorhead, 51 Minn. 518, 53 N.W. 807, 19 L.R.A. 195; Harris County v. Taylor, 58 Tex. 690; City of Llano v. Llano County, 5 Tex.Civ.

App. 132, 23 S.W. 1008. These cases are to the effect that a tract of land conveyed to a city with a restrictive convenant should be used only for park purposes; or that it is to be used as a public square; or where land is dedicated to a particular purpose, are not in point as supporting appellant's position.

Certainly if the above grant had been couched in language indicating an intention that said land should be used only for park, playground or recreation purposes, the city would not be authorized to put it to any other use, but no such intent can be gathered from the language used.

■ Appellant argues that under the provisions of the grant the use of the land in question for prison camp purposes subjects the grant to forfeiture. Under all the authorities the United States Government is the only one who, in this case, can exercise that right. The fact that it may have the right to exercise its power to do so does not fortify appellant's position in his claim of right to prosecute this cause of action. On this subject we quote from 42 Am.Jur.Public Lands, section 55: "* * * It is the settled rule that any forfeiture of a right to the land for breach of condition on which the grant was made by Congress can be asserted only by the United States, through judicial proceedings, or through the action of Congress. * * · * "

We therefore hold that the land here involved under the Act of Congress and the terms of the grant may be put to any municipal governmental use which the City of Phoenix may deem reasonably proper including the maintenance of a prison camp thereon, and to expend public funds therefor.

In making this pronouncement we are not necessarily subscribing either to the wisdom or propriety of such use but have no doubt whatever as to the legal right of the City of Phoenix to make such use of it and to expend such sums as are reasonably necessary therefor.

The judgment of the trial court is accordingly affirmed.

UDALL, PHELPS and DeCONCINI, JJ., concur.

Due to illness, the CHIEF JUSTICE did not participate in determining this appeal.