8676
GRESHAM v. ATLANTIC COAST LUMBER CORPORATION.

1. INJUNCTION—TIMBER DEEDS.—Where the title to standing or grow-
ing timber is in issue and the allegations and proof on the hearing
for a temporary injunction necessitate a trial on the merits, either
party is entitled to an injunction restraining the cutting and removal
of the timber until the ownership can be determined.

2. DEEDS—TIMBER.—Where timber is excepted in a deed conveying the
land, the exception is for the benefit of grantor.

Before SPAIN, J., Marion, January, 1913.    Reversed.

Action by Annie Law Gresham against Atlantic Coast
Lumber Corporation.    Plaintiff appeals.

COMPLAINT.

"The complaint of the above named plaintiff respectfully
shows to the Court:

First. "That the plaintiff is a resident of the county of
Marion, said State.

Second. "That the defendant, Atlantic Coast Lumber
Corporation, is a corporation duly chartered and organized
under the laws of the State of South Carolina, with its prin-
cipal place of business in the city of Georgetown, in the
county of Georgetown, said State.

Third. "That heretofore, to wit, on the 16th day of
December, A. D. 1898, plaintiff's predecessor in interest,
C. C. Law, executed and delivered to one R. L. Montague a
certain instrument of writing, styled and known as a 'Deed
and Contract,' and commonly called a 'Timber Deed,' bear-
ing date on said date, whereby the said C. C. Law, pur-
ported to sell and convey unto the said R. L. Montague all
the timber of every kind and description to twelve inches
stump diameter and upwards, twelve inches from the ground
at the time of cutting, then standing and being on that cer-
tain tract, piece or parcel of land known as the Manning

tract, Smith and Herring tract, Matheson tract and the Godbold tract. The said lands are bounded and described as follows, to wit: * * *

Fourth. "That the plaintiff is now, and has been for a number of years, seized in fee and possessed of said described lands.

Fifth. "On information and belief, that, by sundry mesne conveyances, all the right, title and interest of said grantee, R. L. Montague, in and to the said timber, timber rights, rights of way, privileges and easements mentioned and described in the said deed were acquired and are now held by defendant, Atlantic Coast Lumber Corporation, which, as this plaintiff is informed and believes, claims and asserts its rights to hold the same under and by virtue of a deed of conveyance executed and delivered to it.

Sixth. "That on or about the 16th day of March, A. D. 1912, the defendant herein, against the will and without the consent of the plaintiff, and after notice and warning from her, forbidding the same, and in utter disregard of the rights of plaintiff, wilfully and wantonly entered upon the aforesaid lands of the plaintiff with a force of men and teams, and prepared and intended to operate and lay out roads and tramroads upon and over the said lands, and began to cut, fell and remove the said timber, both standing and fallen, therefrom; and that, as plaintiff is informed and believes, the said defendant is still continuing and threaten and intend to continue its said logging operations upon the said lands of the plaintiff. That the said defendant, over the protest of this plaintiff, and in utter disregard of plaintiff's rights, as hereinbefore alleged, has already wilfully and wantonly cut and removed, or is about to remove, large quantities of timber from said lands to plaintiff's damage two thousand dollars.

Seventh. "That, by a proper construction of said deed, and contract, it must be held to have imposed upon the said

grantee, his heirs or assigns, the duty and obligation to begin the cutting and removal of the timber therein described within a reasonable time after the date thereof, and continue the same without cessation until the said timber should have been cut and removed. That, although a period of more than thirteen years has elapsed and expired, neither the said grantee nor his heirs and assigns nor the defendant herein commenced the cutting and removing of the said timber until the date above mentioned. And the plaintiff alleges that a reasonable time for said cutting and removing has long since expired, and had expired long before the entry of defendants aforesaid; and the plaintiff alleges that neither the said defendant, Atlantic Coast Lumber Corporation, nor its predecessors or grantors, nor any one for it or them, have paid or tendered to plaintiff any interest on the said original purchase price.

Eighth. "That the value of the said timber constitutes by far the larger part of the value of the plaintiff's said land, and the cutting and the removal thereof would involve irreparable injury upon the plaintiff by wasting and devastating the freehold. That the operations of the said defendant thereon, if continued, would constitute a series of successive and repeated entries upon the land of the plaintiff, and would entail upon the plaintiff loss and damage for which she could not obtain adequate redress at law, and same would involve a multiplicity of vexatious, harassing and expensive suits, and the plaintiff can, therefore, obtain adequate remedy for the same only in a court of equity.

Ninth. "That, *inter alia,* the said contract reads as follows: 'It is agreed that the time limit of this conveyance above set forth shall be ten (10) years from the time the second party begins cutting and removing the said timber from the lands above described, but the first party agrees that the said time limit may be extended from year to year thereafter upon the payment by the said second party, his heirs, executors, administrators or assigns, or interest on

the original purchase price at the rate of six per cent. per annum,' and this plaintiff alleges that, by a proper construction of said deed and contract, it must be held to have imposed upon the said grantee, his heirs and assigns, the duty and obligation to begin the cutting and removal of the timber therein described within a reasonable time after the date thereof; and the plaintiff alleges that such reasonable time had long since expired prior to any entry by defendants, or by the said grantee, his heirs or assigns, including the defendant herein, and that the said grantee, his heirs and assigns, including the defendant herein, have forfeited and lost all right, title and interest in and to the said timber, all the timber rights, rights of ways, privileges and easements, and the same have, by operation of law, reverted and revested in plaintiff; and that if the entry upon the said lands by the said defendant should be permitted to continue their logging operations thereon, the same would amount to a series of repeated vexatious and harassing trespasses.

"Wherefore, plaintiff demands judgment:

First. "That the said deed be adjudged to have required the grantee and his heirs and assigns, including the defendant, to commence the cutting and removal of the said timber within a reasonable time, and that said time may be decreed to have elapsed and expired prior to entry; and that it may be adjudged that the defendant has forfeited and lost all rights under the said deed by reason of the expiration of such reasonable time, and that the said defendant shall deliver up the same to be cancelled.

Second. "That the defendant, its officers, agents, servants and employees, and all persons claiming or acting for, through or under it may be perpetually enjoined and restrained from entering upon the said lands of the plaintiff, for the purpose of, and from, cutting or removing any of the timber, either standing or fallen, and from cutting or opening or laying out roadways or cartways thereon, or

causing or suffering to be done or committed any other act or things looking to the exercise of any rights claimed under the said deed and contract.

Third. "That in the meantime, and pending the final determination of this action, the said defendant, its officers, agents, servants and employees, and all other persons acting or claiming by or under it, may be enjoined and restrained from doing or committing, or causing or suffering to be done or committed, any of the acts or things aforesaid.

Fourth. "That plaintiff herein have judgment against said defendant for the sum of three thousand dollars damages, and that said defendants be required to account for all timber cut by it.

Fifth. "For the costs and disbursements of this action and for such other and further relief as to this Honorable Court may seem just and equitable."

## ANSWER.

"The defendant, Atlantic Coast Lumber Corporation, not waiving, but specifically reserving, its right to move to strike from the complaint herein certain irrelevant and redundant matter and to move to have such complaint made more definite and certain, and to answer over in case such motions shall be granted, answering the complaint:

I. "Admits the truth of the allegations contained in paragraphs first, second, third and fifth thereof.

II. "Denies the truth of the allegation contained in paragraph fourth thereof, but, on the contrary, alleges, on information and belief, that plaintiff has neither title nor possession, nor any right or interest in that portion of the lands described as the Smith and Herring tract, the Godbold tract, or any portion of the Manning tract except the eighty-six and five-tenths (86.5) acres thereof, shown by a survey heretofore made by J. M. Johnson, and by conveyance thereof to her by Mrs. Annie Law Early.

III. "Admits that on or about the 16th day of March, 1912, this defendant entered upon a portion of the lands described in paragraph sixth of said complaint, which are owned by plaintiff, with men and teams, and prepared to lay out roads and tramroads and began to cut and remove the timber heretofore acquired by it therefrom, and that it intends, unless restrained by this Honorable Court, to continue logging operations upon said lands until the timber so acquired by it shall have been removed, but denies each and every other allegation in said paragraph sixth.

IV. "Admits that neither it nor its predecessors, nor anyone for it or them, has paid or tendered the plaintiff any interest on the original purchase price, but denies each and every other allegation contained in paragraph seventh of said complaint, and, on the contrary, alleges that with the full knowledge of plaintiff it entered upon the lands in question during the early part of the year 1909, and, in the exercise of its rights, under the contract set out in the complaint, commenced to cut and remove the timber therefrom in the usual and ordinary course of its business, and continued cutting and removing such timber during the entire year 1909, and for more than half of the year 1910, without objection or interference by plaintiff, and that in the absence of any notice to the contrary or any intimation from plaintiff, it assumed that the time contemplated by the parties to the original contract in which it was to commence cutting was fixed as in the month of January, 1909, and that it would be required to pay interest on the original purchase price if it had not completed its operations within ten years after that date.

V. "Denies the allegation contained in paragraph eighth of said complaint.

VI "Admits that the contract in question contains the language quoted in paragraph ninth of said complaint, but denies the truth of each and every other allegation therein contained.

"Further answering said complaint, this defendant alleges:

VII. "That at the time of the purchase by R. L. Montague from C. C. Law of the timber in question, the said R. L. Montague was undertaking to acquire sufficient standing timber to warrant the organization of a large lumber manufacturing corporation, the location of which had not been determined upon, and that the said R. L. Montague was not then the owner of a sawmill within the State of South Carolina or elsewhere, and that this fact was then either known to or could have been ascertained by the said C. C. Law.

VIII. "That after the date of the said deed of timber contract, said R. L. Montague, with others, succeeded in interesting outside capital and in procuring the organization of Atlantic Coast Lumber Company, to which company the timber in question was in due time conveyed, and that the said Atlantic Coast Lumber Company, immediately upon its organization, commenced negotiations for acquiring a site for its manufacturing plant, and soon thereafter procured and constructed large sawmills at Georgetown, South Carolina.

IX. "That at the time of the organization of Atlantic Coast Lumber Company it acquired timber holdings extending almost continuously from the tracts of timber described in the complaint to and beyond Georgetown, South Carolina, which fact, as defendant is informed and believes, the said C. C. Law and this plaintiff either knew or had opportunity to know, and that since its organization the said Atlantic Coast Lumber Company and its successors have been engaged, practically without interruption, in cutting and manufacturing its timber into lumber, and that in such operation they have adopted the customary plan of taking first that timber located nearest their mills and gradually advancing its operations into its more distant timber holdings without discrimination and without other consideration

than the economical and profitable conduct of its business, and that in the exercise of the discretion of its officers it did not until the year 1909, in the usual conduct of its business, reach the timber of plaintiff.

X. "That Atlantic Coast Lumber Company continued in business from the year 1899 to the year 1902, when it was placed in charge of receivers, and that, until the sale of the property of said Atlantic Coast Lumber Company, in 1903, such receivers were in charge of the property acquired under the contract described in the complaint, and that at such sale all of said property was acquired by the defendant, Atlantic Coast Lumber Corporation.

XI. "That when the contract in question was acquired by Atlantic Coast Lumber Company, its officers and directors, having sought legal counsel, were advised by attorneys of the highest legal standing that under the established law in force and effect in South Carolina at that time such contract was good and effective to convey the timber therein described in fee simple, and that the grantee therein, his heirs and assigns, acquired the right to cut the timber therein conveyed at such time in the future as might be most convenient without restriction or limitation of the time allowed for commencing to cut, and that the only limitation of the time for cutting contained therein was that after once commencing to cut all operations should be completed within a definite period of time specified in the contract, or such extension thereof as might be acquired by the payment of installments of interest provided for therein, and that when this defendant acquired the property in question it was advised to the same effect by counsel selected with due care and diligence and regarded by it as most highly qualified for ascertaining the legal rights of the parties to such contract, and that, acting upon such advice, the operations of Atlantic Coast Lumber Company and Atlantic Coast Lumber Corporation have been influenced by the understanding that timber held under such contract was held in

fee simple until the recent opinion of the Supreme Court of this State in the case of *A. W. Flagler* v. *Atlantic Coast Lumber Corporation.*

XII. "That plaintiff and the said C. C. Law dealt with defendant's predecessor in interest and with defendant with full knowledge, of full opportunity of knowing, their plans in regard to their timber, their opportunities for speedily cutting and removing same, and the views which defendant held as to its rights under the contract in question, and that they must have known from the location of the timber sold that it would be quite a long while before the cutting thereof would be commenced. ·

XIII. "That although this defendant commenced to cut the timber acquired under the contract described in the complaint during the month of January, 1909, and that, although its operations were continued for considerably more than a year, plaintiff did not indicate to this defendant in any manner whatsoever that she took the view that defendant had not commenced to cut within such time as was contemplated by the parties to the contract for commencing to cut, or that she construed the contract in question and the conduct of this defendant thereunder as having resulted in the loss by this defendant of any of the rights previously acquired under said contract.

XIV. "That since the year 1909 this defendant has, at great expense to the knowledge of the plaintiff, made arrangements for the construction of a railroad from some point in Georgetown county, through the counties of Georgetown and Williamsburg, across Great Pee Dee River and into Marion county, and that but for its ownership of this and other contracts covering timber in Marion county such railroad would not have been constructed or this defendant would not have been instrumental in procuring the construction thereof.

XV. "That by reason of plaintiff's acquiescence in defendant's construction of the contract in question and its rights

thereunder, and of the position assumed by this defendant and the large amount of money spent by it, relying upon such acquiescence, and by reason of the failure of plaintiff to notify this defendant that it was required within any definite or limited time to commence the cutting and removal of the timber in question, plaintiff is now estopped to take the position that the cutting was not commenced within a reasonable time."

### EXCEPTIONS.

First. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that said temporary injunction was and is essential to the preservation and protection to the rights of plaintiff pending the determination of the case on its merits.

Second. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, as its dissolution makes it possible for the defendant to cut and remove the timber which is the subject of the action pending a final hearing of the case on its merits and thus deprive plaintiff of the benefit of a favorable determination of the case.

Third. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that the answer admitted that defendant intended to continue cutting and removing the timber, and the said dissolution will deprive plaintiff of the subject matter of the action, to wit, the timber.

Fourth. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that the dissolution was an abuse of discretion and deprived plaintiff of the right to a trial of the case on its merits and denies her the preservation and protection of her rights pending the trial of the case on its merits.

Fifth. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in

that it appears from the face of the complaint that no entry was made upon the lands for the purpose of cutting and removing of the timber until March, 1912, more than thirteen years after the execution of the contract, which said period of thirteen years plaintiff alleges was more than a reasonable time in which to begin cutting and removing the timber; and plaintiff was and is entitled to a temporary restraining order until the Court shall determine what was a reasonable time in which the defendant should commence to cut and remove the timber.

Sixth. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that it appears from the affidavit of John Richardson, Jr., produced by defendant, that defendant entered upon the premises in 1907, and laid out a right of way for a main line railroad, which was not a commencement to cut and remove the timber within the meaning of the contract.

Seventh. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that it appears from the affidavit of John Richardson, Jr., produced by defendant, that defendant did not commence to cut and remove the timber until February, 1909, more than ten years after the execution of the contract, which said period was unreasonable.

Eighth. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction as to the Manning tract, in that it appears that plaintiff owns the timber thereon on the east side of the public road by reason of the exception of the timber in her deed to Annie Law Early; and that in any view under the showing made to his Honor, more than ten years had elapsed since the execution of the contract, which said time was more than a sufficient reasonable time in which to commence to cut and remove the timber.

Ninth. "Because the dissolution of the temporary injunction permits the defendant to utterly destroy the timber on

the Matheson tract owned by plaintiff and her entire interest in the Manning tract, to wit, the timber, before the Court can hear the case on its merits, and plaintiff will be thereby irreparably injured."

*Messrs. Mullins & Hughes* and *Henry Buck,* for appellant, cite: *Allegations are sufficient for temporary injunction:* 89 S. C. 328; 90 S. C. 153, 363; 77 S. C. 81; 92 S. C. 418. *Temporary injunction here should not have been dissolved:* 62 S. C. 196; 63 S. C. 348; 67 S. C. 84; 69 S. C. 156; 77 S. C. 81. *Entry for purpose of laying out railroad is not commencing to cut:* 92 S. C. 418. *Exception is for benefit of grantor:* 13 Cyc. 672, 680; 12 Rich. 314; 99 Am. Dec. 81; 1 Am. St. R. 551; 2 Strob. Eq. 145; 80 S. C. 106; 81 S. C. 494.

*Messrs. Willcox & Willcox* and *M. C. Woods,* contra. The former cite: *Right of Court to grant temporary injunction:* 77 S. C. 81; 69 S. C. 554; 75 S. C. 221; 87 S. C. 566; 69 S. C. 159; 84 S. C. 51; 86 S. C. 160; 88 S. C. 118.

October 24, 1913. The opinion of the Court was delivered by

JUDGE DEVORE, *acting Associate Justice in place of Mr. Justice Woods, disqualified.* This case was commenced by the service of the summons and complaint on the 4th of April, 1913, and, as appears from the complaint, is for the purpose of determining who is the owner of the timber on the lands described in the complaint, and also for the purpose of securing an injunction restraining the defendant from cutting and removing the timber from the said lands, until the true owner of said timber can be determined on the trial of the case upon its merits.

The complaint alleges, in substance, that the plaintiff is the owner of the timber, and does not wish the defendant to cut and remove the same from the lands.

The answer of the defendant alleges, in substance, that it is the owner of the timber, and wishes to cut and remove the same from the lands, and intends to do so, unless restrained by the Court. The defendant's claim, as appears from the record, is based on what is known as a "Timber Deed," or contract, dated December 16, 1898, made by C. C. Law, plaintiff's predecessor, in interest to R. L. Montague, and by sundry mesne conveyances, it is alleged, defendant acquired all the rights of Montague.

The "Timber Deed" does not fix the time as to when the party who has the right to do so, under the "Timber Deed," shall commence to cut and remove the timber.

The complaint alleges, the defendant began to do so on the 16th of March, 1912, over protest of, and notice from, the plaintiff not to cut and remove the timber, as it had not commenced to do so within a reasonable time from the date of the Montague "Timber Deed," which is alleged to be more than thirteen years.

The record shows, on application of plaintiff, Judge Shipp, on the 30th of March, 1912, granted a temporary injunction restraining defendant from cutting and removing the timber; that on the 25th of January, 1913, on motion of the defendant, Judge Spain passed an order dissolving the temporary injunction of Judge Shipp.

The appeal is from the order of Judge Spain, in so far as said order dissolved the injunction as to the timber on the Matheson tract of land, and also as to the timber on the Manning tract, on the east side of the road, it being conceded by plaintiff that the injunction as to the other land and the timber thereon, ought to have been dissolved. The appeal is based on nine exceptions, only two of which,—fifth and eighth,—will it be necessary to consider, as they, in substance, cover all the errors imputed to the Circuit Judge.

As to the fifth exception. Since the cases of *Flagler* v. *The Lumber Corporation*, 89 S. C. 328, and *McClary* v. *A. C. L. Corporation*, 90 S. C. 153, in which this Court laid

down the doctrine of reasonable time in a "Timber Deed" similar to the one involved here, there cannot be any doubt as to the application of that doctrine to the case under consideration.

Did the defendant commence to cut and remove the timber within a reasonable time?

The complaint alleges it did not.

The answer of the defendant alleges that it did. This issue will have to be passed upon when the case is tried on its merits.

The plaintiff now claims to be the owner of the timber in question, and does not wish the defendant to cut and remove it.

The defendant claims to be the owner, and wishes to cut and remove the timber.

Under the above statement of facts as appears from the record, the Court would be safe in laying down, once for all, the following as a true and sound proposition, to wit: In a case where the title to standing or growing timber is the issue, and the allegations of the pleadings and the proof submitted at the hearing are such as necessitate a trial on the merits, in order to determine the ownership, either party applying therefor would be entitled to an injunction, restraining the other from cutting and removing the standing or growing timber, for the purpose of preserving same, until the true ownership can be determined by the proper judicial tribunal. This exception is, therefore, sustained.

As to the eighth exception:

The record shows, and about which there is no dispute, at the time of the conveyance from C. C. Law to Montague, there was a mortgage on the undivided five-eighths interest in the Manning tract of land. This mortgage was foreclosed, and the master, Lucas, conveyed the land to Annie Law Early, May 2, 1903.

By agreement, Annie Law Early, owner of the five-eighths interest, in the Manning tract, and the defendant, owner of

the Montague interest in the timber, the timber was divided between them by arbitration. Annie Law Early got the timber on the Manning tract on the west side of the road, and the defendant got the timber on the east side of the road. Thereafter, C. C. Law died, leaving a will, wherein he devised all of his property to his widow, Annie S. Law, now Annie Law Gresham, the plaintiff herein. Thereafter, on May 30, 1903, Annie S. Law conveyed all her interest in the Manning tract to Annie Law Early, the conveyance containing the following clause, to wit: "Saving and excepting from this conveyance, however, my right, title, and interest in that portion of said described land containing eighty-six and five-tenths (86.5) acres, as represented on a plat of J. M. Johnson, Jr., attached to deed to me from Annie L. Early of equal date herewith, and save and excepting also such timber on all of said land as has been heretofore conveyed to Atlantic Coast Lumber Corporation."

Under this conveyance the timber did not pass to Annie L. Early. It, therefore, belongs either to the plaintiff or to the defendant. The very issue raised by the pleadings is, who is the owner of the timber involved?

It was contended by defendant that the exception in the deed as above set out, was for the benefit of the defendant, and not the plaintiff, grantor, and had the effect of putting the title to the timber in the defendant.

This position or contention can not be sustained.

For "when timber itself is excepted in a conveyance, the timber remains the property of the grantor, with right in so much of the soil as is necessary to sustain it." *Knotts* v. *Hydrick,* 12 Rich. 314; *Wait* v. *Baldwin,* 1st Amr. St. Rep. 551; *Steedman* v. *Weeks,* 2d Strob. Eq. 145; *Wilson* v. *Alderman,* 80 S. C. 106; *Rivers* v. *Lumber Corporation,* 81 S. C. 494.

Therefore, what has been said in reference to the fifth exception applies with equal force to the eighth exception, which is also sustained.

For the reasons herein stated, it is the judgment of the Court that the order of the Circuit Judge in so far as it dissolved the injunction as to the timber on the Matheson tract of land, and also as to the timber on the Manning tract on the east side of the road, be, and the same is hereby, reversed.

Let the pleadings and exceptions be printed in the report of the case.