## HILEN D. ALDRICH v. ALFRED F. SOUCHERAY AND OTHERS.[1]

June 30, 1916.

Nos. 19,794—(192).

**Deed — exceptions construed to create easement.**

> Deeds to the defendants of portions of Lot A in a plat contained this clause: "Excepting the easterly fifteen feet of said lot A which is reserved for a foot and bicycle path for the benefit at all times of any and all of the owners of any of the land in said East Shore Park." It is *held* that these deeds, construed in the light of attendant circumstances, created an easement in the land conveyed appurtenant to the other land in the plat.

Action in the district court for Washington county to restrain defendants from maintaining fences across the easterly 15 feet of lot A in East Shore Park and from interfering with the lawful use of an easement thereon for a foot and bicycle path, and to restore the path to substantially the same condition in which it existed prior to the excavation of the same. The case was tried before Stolberg, J., who made findings and ordered judgment in favor of plaintiff. Defendants' motions to amend the findings of fact and conclusions of law were denied. From the order denying their motion for a new trial, Nethaway, J., defendants appealed. Affirmed.

*John R. Donohue,* for appellants.

*Durment, Moore, Oppenheimer & Haupt* and *H. J. Swanson,* for respondent.

DIBELL, C.

This is an action for an injunction restraining the defendants from obstructing a right of way claimed by the plaintiff over their land. There

[1]Reported in 158 N. W. 637.

Note.—As to exception and reservation of easements in deeds, see note in 20 L.R.A. 631.

were findings for the plaintiff. The defendants appeal from the order denying their motion for a new trial.

In 1901 the St. Paul Permanent Loan Company, the owner, platted as East Shore Park a tract of land extending some 1900 feet north and south along the east shore of White Bear Lake, a navigable body of water. A strip along the shore varying in width from 35 to 50 feet and extending the whole length of the plat, except for about 200 feet at the north, was designated as lot A, block 1. There was no street or alley between this lot and adjoining lots. Two alleys reached it from the east and connected it with the platted streets. The only other lot touching the shore was lot 1 in block 1 at the extreme north of the plat. The other lots of the plat had no direct or indirect access to the shore. A reference to the plat in evidence (see page 384) makes the situation plain.

## EAST SHORE PARK, WASHINGTON COUNTY, MINN.

The plaintiff is the owner of a lot in block 4 and of a five foot strip of lot A opposite the southerly portion of lot 12 in block 1. His title originated in 1903. The defendants are the owners of lots 8, 9; 10 and 11 in block 1 and the portion of lot A adjoining. Their title originated later than the title of the plaintiff. The deeds to the plaintiff and to the defendants contained this clause: "Excepting the easterly 15 feet of said lot A which is reserved for a foot and bicycle path for the benefit at all times of any and all of the owners of any of the land in said East Shore Park." The greater portion of lot A is held under deeds containing this clause. The first three deeds used less specific language. Substantially all of the lake frontage is owned under deeds making provision for an easement. The question is whether the land of the defendants is burdened with a right of way over the 15 foot strip. The defendants deny such right of way and have obstructed the 15 foot strip and prevent its use.

The various deeds of portions of lot A, viewed in the light of attendant circumstances, indicate a purpose to subject the portions sold to an easement for a right of way for the benefit of other land in the plat and to give them a like easement in other portions sold. The portions sold were to have access to the platted streets. This was the general plan or scheme of the different conveyances. To effectuate it the tract subjected to an easement was to get a like one. Thus far the easements were mutual. We should give effect to the intent of the parties to the deeds, unless some rule controlling the creation of easements prevents and we think there is none. If the intent be clear, particular words of reservation or conveyance usual in deeds will not be construed in their technical common law sense to defeat it. The word "reserved" in connection with the word "excepting" will be held to mean "granted," if the manifest intent which would otherwise be defeated is thereby effectuated. See Long v. Fewer, 53 Minn. 156, 54 N. W. 1071; Callan v. Hause, 91 Minn. 270, 97 N. W. 973, 1 Ann. Cas. 680. We hold that the effect of the conveyance to the defendants was to create an easement in their portions of lot A appurtenant to the other lots in the plat. This holding does not prevent the proper application of the general rule that a bare reservation cannot be made to a stranger to the title or as appurtenant to lands not those of the grantor.

133 M.—25.

We are not required to determine whether the plaintiff, by his deed alone, acquired an easement in the easterly 15 feet of the portion of the lot, the title to which remained in the original grantor. By his deed the land of the plaintiff was subjected to an easement appurtenant to the lands remaining in the grantor. Northern Pac. Ry. Co. v. Duncan, 87 Minn. 91, 91 N. W. 271; Winston v. Johnson, 42 Minn. 398, 45 N. W. 958. From this it does not follow that he acquired an easement in the rest of the lot. We base his right to an easement upon the conveyances to the defendants.

We do not fail to note that the original deed from the platting company to the one through whom the defendants claim by mesne conveyances, covering the portions of lot A opposite lots 8 and 11, contained no restriction or limiting clause. When the title came to the defendants, it came with the clause quoted. The right of way provision was a part of a general plan adopted for the use and enjoyment of the different portions of the lot in connection with the rest of the plat. The result is not affected by the plat. The result is not affected by the fact that, when the title of the defendants to a portion of the lot started, there was no provision for an easement attached.

All of the assignments of error have been considered. Those not mentioned do not require specific comment here.

Order affirmed.