INTERNATIONAL LUMBER COMPANY v. EDWIN G. STAUDE AND OTHERS.[1]

December 26, 1919.

Nos. 21,351, 21,358.

**Timber deed — contingent reversion in grantor.**

1. One of the provisions of a timber deed was that the grantee should cut and remove the timber within 15 years from the date of the deed, and that during that time, and so long as the timber was not cut, he should have the exclusive right to occupy the lands on which the timber was located and should pay all taxes which fell due prior to the cutting of the timber. *Held* that the grantor in such deed had a contingent reversionary interest in the timber, which he might convey or reserve to himself in a deed of the land subsequently executed.

**Deed — construction of ambiguity in favor of grantee.**

2. The words of a deed are to be taken as the grantor's and any ambiguity is to be resolved in favor of the grantee. A reservation in favor of the grantor is to be construed more strictly than a grant.

**Same — property rights not in minds of parties.**

3. The effect of a deed cannot be restricted because rights or property properly embraced in its language were not in the minds of the parties when the sale was agreed upon.

[1]Reported in 175 N. W. 909.

**Same — construction of reservation.**

4. The language of a reservation in a deed may properly be referred to the land described therein, or to the interest or estate in the land, or to both, according to the intention of the parties.

**Timber deed — same.**

5. A deed of timber lands, part of which were covered by outstanding timber deeds, contained a clause granting the land subject to the provisions of the timber deeds, and another clause reserving to the grantor the timber on all the land described in his deed. *Held* that the reservation clause should be construed to apply only to timber which had not already been sold and conveyed.

Action in the district court for Koochiching county to determine adverse claims to certain timber. The case was tried before McClenahan, J., who made findings and ordered judgment in favor of defendants. From an order denying its motion for a new trial, plaintiff appealed. From an order denying their motion for a new trial, defendants Frank P. Sheldon and Claribel S. Sheldon appealed. Affirmed.

*Thomas L. Philips, Charles J. Tryon, Roy C. Smelker,* and *John Junell,* for appellants.

*Fryberger, Fulton & Spear* filed a brief as amici curiae.

*O'Brien, Young, Stone & Horn,* for respondents.

LEES, C.

Appeal from orders denying a new trial in an action brought to determine adverse claims to timber in Koochiching county, Minnesota.

The controversy in this action is over the construction of a deed executed by Sheldon and his wife to the Felthous Land Company, May 5, 1904. The material portions of the deed are as follows:

The grant is made "subject * * * to the incumbrances, limitations and reservations hereinafter specified."

Following the description is a clause reading as follows: "It is understood that the timber upon a large portion of said lands has been sold by parties * * * who have given warranty timber deeds therefor, with various periods, usually twenty years, for the removal of such timber,

and said lands are conveyed subject to the provisions of such  *  *  * deeds.  *  *  *  The parties of the first part reserve the right to remove at any time from the date of this deed any and all  *  *  *  timber from all the lands above described  *  *  *  provided, that if the parties of the first part  *  *  *  shall fail to pay taxes  *  *  *  upon any tract of land above described  *  *  *  and  *  *  *  have received notice  *  *  *  of such delinquency, then sixty days after having received such notice, the right of the first parties to cut and remove such timber shall terminate as to any and all tracts upon which the parties of the first part  *  *  *  have so failed to pay the taxes.  *  *  * In case the title shall fail to any portion of the lands  *  *  *  a deduction of two dollars per acre shall be made from the purchase price for the portion to which title shall fail  *  *  *."

The timber on 800 acres of the land had theretofore been conveyed. The price paid was between $9 and $10 per acre. The timber deeds were executed in 1900 and provided that the timber should be removed within 15 years, and that the owner of the timber should have the exclusive right to occupy the land. He was required to pay all taxes which became payable prior to the cutting of the timber. The defendants Staude, Heitmann and Smith are grantees of the Felthous Company. They paid approximately $3.33 per acre for the land and purchased subject to existing timber deeds and reservations. Plaintiff acquired title to the timber in 1906. In 1914 Sheldon extended the time within which plaintiff might remove the timber to May 31, 1925. Staude, Heitmann and Smith were the original defendants. Sheldon and his wife were subsequently joined as defendants. The facts were agreed upon and embodied in a stipulation.' The findings were adverse to plaintiff's claim. The court below held that Sheldon had conveyed to the Felthous Company his reversionary interest in the timber. Whether he conveyed it or reserved it is the vital question in the case.

The circumstances existing when the deed was executed compel the conclusion that the parties did not have in mind the possibility that plaintiff might not remove the timber prior to the summer of 1915. On part of the land conveyed there was timber owned by plaintiff and others, and on the remainder there was timber owned by Sheldon. It was contemplated that the several owners of the timber would remove it. Sheldon

did not intend to sell any timber to the Felthous Company, which had theretofore been sold to others, and the purchase price paid. He assumed he had no further interest in it. Moreover, if he had so intended, it is manifest that the purchase price would have been more than two dollars per acre, which was the consideration for the deed, for the timber alone had been sold in 1900 for more than nine dollars per acre. The provision that two dollars per acre should be refunded in case the title to any of the land failed, shows that the parties to the deed did not intend to include the timber. A situation has arisen which was not within the contemplation of either party to the deed when it was executed. The words of a deed are to be taken as the grantor's and any ambiguity is to be resolved in favor of the grantee, and a reservation in favor of the grantor is to be construed more strictly than a grant. Witt v. St. Paul & N. P. Ry. Co. 38 Minn. 122, 35 N. W. 862; St. Anthony Falls W. P. Co. v. City of Minneapolis, 41 Minn. 270, 275, 43 N. W. 56; Grafton v. Moir, 130 N. Y. 465, 29 N. E. 974, 27 Am. St. 533; Elsea v. Adkins, 164 Ind. 580, 74 N. E. 242, 108 Am. St. 320; 2 Devlin, Deeds, pp. 1560, 1562, 1564, 1832. The contingency that the timber might not be removed within 15 years, does not appear to have been contemplated by the parties to the timber deeds. Evidently they believed that it would be removed within the time allowed and did not intend that the grantees should have any right to it thereafter. It was natural to expect that the purchaser of the timber would protect his investment by taking his property in time. But the effect of a deed cannot be restricted because rights or property properly embraced in its language were not in the minds of the parties when the sale was agreed upon. 2 Devlin, Deeds, p. 1564. The words "from all the lands above described" in the Sheldon deed may properly be referred to the land itself or to the interest or estate in the land conveyed, or to both, according to the intention of the parties. Derby v. Hall, 2 Gray, 236; Kiser v. McLean, 67 W. Va. 294, 67 S. E. 725, 140 Am. St. 948. We think these words carried with them, when applied to the lands covered by the timber deeds, recognition of the fact that the timber had already been disposed of and would be removed by third persons and that nothing remained to which the reservation could attach. The words "at any time from the date of this deed" strengthen this interpretation. They indicate that Sheldon might begin to exercise

his right under the reservation immediately. This he could do only as to lands not covered by outstanding timber deeds. As to lands covered by such deeds, if the grantees of the timber paid the taxes, he could not exercise this right until after the expiration of the time within which the timber might be removed. It is evident that Sheldon's obligation to pay taxes on the land went with his right to cut the timber. The obligation arose when the deed was executed, but manifestly it was not intended that he should pay any taxes during the period allowed to third persons to cut timber, because such persons had already covenanted that they would pay them. If only lands covered by outstanding timber deeds had been conveyed by Sheldon, a reservation in the form employed would hardly have been used, but, if none of the lands conveyed had been covered by such deeds, the language of the reservation would naturally be used. Sheldon was unfortunate in his choice of words to express his purpose, because he attempted in one deed to convey two different classes of land, which more properly should have been conveyed by separate deeds. But the timber in question, being a part of the realty and not being included in the reservation in the Felthous deed, necessarily and as a matter of law passed to the fee owner on the default of the holder of the timber deed to cut and remove it precisely as all other rights and interests forming part of the land pass to the holder of the fee.

We conclude that the learned trial court placed the proper construction upon the Sheldon deed, and that the order denying a new trial should be affirmed.

Order affirmed.

HALLAM, J. (dissenting).

I dissent:

My opinion is that when Sheldon in his deed to the Felthous Company reserved "the right to remove * * * any and all * * * timber from all the lands" conveyed, he intended just what he said. The fact that he had previously made a conditional sale of the timber growing on part of the land did not defeat the reservation. If the conditions in such timber deeds should fail and the timber revert, it would become Sheldon's timber to dispose of within the time limited in his deed as he

saw fit. Instead of insisting on the forfeiture he might waive it as he did in this case.