# ·LA COOK FARM LAND COMPANY v. THE NORTHERN LUMBER COMPANY AND ANOTHER.[1]

June 13, 1924.

No. 23,982.

**Estate of landowner who makes timber deed, limiting time for its removal.**

1. One person may own the surface of the land and another the growing timber. A landowner's deed of the timber, limiting the time for the removal thereof, conveys an interest in the land. The grantor in such a deed has a contingent future estate in the timber and an estate in reversion in the soil.

**Construction of clause in his subsequent quitclaim deed.**

2. The words "reserving all timber," following the description of the land in a quitclaim deed subsequently executed by the landowner, should be construed as excepting from the grant his contingent future estate in the timber.

**Grant of his reversionary interest without effect on his contingent future estate in the timber.**

3. A deed conveying the landowner's reversionary estate does not defeat the possibility of the vesting of his contingent future estate in the timber.

**Rules for construction of contracts apply to deeds.**

4. The accepted rules for the construction of contracts are applicable to deeds. They should not be disregarded in an attempt to discover what the parties had in mind when the deed was executed. The legal effect of the language of a deed should not be restricted to carry out the intention of the parties as surmised by the court.

Action transferred to the district court for St. Louis county to determine adverse claims to certain timber. The case was tried before Cant, J., who made findings and ordered judgment in favor

[1]Reported in 200 N. W. 801.

of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*F. H. DeGroat,* for appellants.

*Lathers, Hoag & Lacy,* for respondent.

LEES, C.

Action to determine adverse claims to the timber on two tracts of land in Cook county. The trial court found for the plaintiff and defendants have appealed from the judgment.

On December 17, 1901, Charles J. Johnson, who then had title in fee, conveyed the timber on one of the tracts to F. L. Gilbert and E. T. Buxton, together with the right to enter upon the land and cut and remove the timber at any time within 15 years from the date of the deed. The right of occupancy was also granted, accompanied by a covenant that the grantor would not enter upon the land while the timber remained uncut. On April 1, 1902, Johnson made a similar deed of the timber on the other tract to the same grantees. This deed also conveyed an undivided one-half of the minerals in the land. Both deeds contained the usual covenants of general warranty. On August 24, 1905, by deed of quitclaim, Johnson conveyed both tracts to John Panton, reserving all timber on the tract described in his first deed to Gilbert and Buxton and all timber and one-half of all minerals on the tract described in his second deed to them. Appellant has succeeded to the title and rights of Gilbert, Buxton and Panton under their several deeds from Johnson.

On July 3, 1906, Wyman, Partridge & Company, recovered a judgment against Johnson, and on July 13, 1909, another was recovered by McGill Warner Company. On May 11, 1916, an execution was issued on the first judgment and whatever interest Johnson had in a certain portion of the land was sold to the Richardson Realty Company. On July 12, 1919, there was a sale of Johnson's interest, if any he had, in the remainder of the land, by virtue of an execution issued upon the second judgment. Respondent was the purchaser at this sale and has since acquired the title

the Richardson Realty Company obtained at the first execution sale. There was no redemption from either sale.

All of the questions presented by this appeal relate to the legal effect of the timber reservation in Johnson's deed to Panton.

The timber deeds to Gilbert and Buxton conveyed an interest in the land. It is the law of this state that standing timber is as much a part of the realty as the soil itself and that a purchaser thereof acquires a vested interest in the land. 2 Dunnell, Minn. Dig. § 5675. There is nothing in our law which forbids a landowner from dividing his estate, for one person may be the owner of the surface of the land, another of the trees standing on the land, and another of the minerals under the surface. Dunnell, Minn. Dig. 1916 Supp. § 6123a; 17 R. C. L. p. 1080; 18 R. C. L. pp. 1174, 1175.

Gilbert and Buxton acquired a limited interest in the land under their deeds from Johnson, for, at the expiration of 15 years, Johnson would again hold the title unconditionally.

But the timber might not be on the land when the 15 year period expired, and hence as to the timber Johnson had only a contingent future estate. Section 6663, G. S. 1913. If the deed to Panton had been silent as to the timber, Johnson's entire estate would have passed to Panton. International Lbr. Co. v. Staude, 144 Minn. 356, 175 N. W. 909. However, the deed speaks on this subject. Following the description of one parcel are the words "reserving all timber and one-half of all minerals," and after the description of the other parcel are the words "reserving all timber."

When timber is sold and conveyed with the right on the part of the purchaser to cut and remove it within a specified time and subsequently the land is conveyed to another purchaser and the timber is excepted from the grant, it is not always easy to determine whether the exception is in favor of the grantor in the second deed or in favor of the grantee in the first deed. Upon this question the authorities are in conflict. They are collected in 15 A. L. R. pp. 106-110, and have been analyzed in the excellent briefs submitted in the present case. These are most directly in point: Strasson v. Montgomery, 32 Wis. 52; Levis & Co. v. Parrott L. Co. 119 Ga. 476, 46 S. E. 647; Deer Creek Lbr. Co. v. Sheets, 75 W. Va. 21,

83 S. E. 81; Hornthal v. Howcott, 154 N. C. 228, 70 S. E. 171; Neilson v. McNeil, 72 Ore. 549, 143 Pac. 1119; Gresham v. Atlantic Coast Lbr. Corp. 96 S. C. 53, 79 S. E. 799; Ford Lbr. Co. v. Cornett, 146 Ky. 457, 142 S. W. 718; Gabbard v. Sheffield, 179 Ky. 442, 20 S. W. 940, 15 A. L. R. 1.

The courts agree that much depends upon the language of the particular contract or deed. In some of the cases one of the questions discussed was whether the exception or reservation was inserted ·in the subsequent deed to protect the grantor against liability on the covenants of warranty therein or to except the timber from the operation of the grant. Here, the grantor conveyed by deed of quitclaim. He had no occasion to guard against liability on his covenants, for the deed contained none. This is a circumstance which goes far to indicate that the words "reserving all timber" were inserted for the purpose of excepting Johnson's contingent interest in the timber from the operative words of the grant. We attach little importance to the use of the word "reserving" instead of "excepting." The two are often used interchangeably without a nice regard for the proper meaning of either. Carlson v. Minn. Land & C. Co. 113 Minn. 361, 129 N. W. 768; Aldrich v. Soucheray, 133 Minn. 382, 158 N. W. 637.

It is urged that Johnson had no estate in the timber, but only a mere possibility of acquiring an estate, sometimes called a possibility of reverter, 1 Tiffany, Real Prop. p. 472; that it could not exist unless it was supported by an estate in possession or expectancy, and that it fell when Johnson granted away his estate in reversion in the soil. The authorities cited to sustain this contention deal largely with the law of real property as established in England and from there brought to this country. In Minnesota, statutory law has supplanted the common law to such an extent that now the ancient doctrines have only an historical interest.

Under our statute a future estate, whether vested or contingent, is not dependent upon the existence of a precedent estate. Section 6660, G. S. 1913; Sabledowsky v. Arbuckle, 50 Minn. 475, 52 N. W. 920; Davidson v. Minnesota Loan & Trust Co. 158 Minn. 411, 197 N. W. 833, 4 Minn. L. R. 318, et seq. Johnson had a contingent

future estate in the timber, with an estate in reversion in the soil. Sections 6662, 6663, G. S. 1913. The existence of the first was independent of the continuance of the second, and we see no reason why he could not convey one and retain the other by excepting it from the grant. If this is what he did, the timber became his property when Gilbert and Buxton failed to cut it within the time limited, and he had the right to remove it within a reasonable time. Mathews v. Mulvey, 38 Minn. 342, 37 N. W. 794; 17 R. C. L. 1082.

Appellant seeks to avoid this conclusion by disregarding the reservation in the Panton deed and, if this cannot be done, by limiting its effect.

It is familiar law that, if the language of a written instrument is ambiguous, it should be read in the light of the established rules of construction which serve as the guides of the courts, giving so far as possible some force and meaning to every word in the instrument. 1 Dunnell, Minn. Dig. § 1823. We know that intelligent men often leave their meaning in doubt when they set down on paper the terms of a contract they have agreed upon. When this occurs, it becomes the duty of the courts to ascertain the intention of the parties and to give it effect, if it can be done. Deeds come within the scope of the accepted rules for the construction of contracts. They differ from ordinary contracts for they not only fix the rights of the immediate parties, but affect those of every one who subsequently acquires an interest in the land. It is, therefore, of the highest importance that the legal effect of a deed should not be a matter of doubt, or that a court's surmise as to the intention of the parties should not be allowed to have greater weight than the canons of construction to which bench and bar habitually turn when in doubt as to the meaning and effect of the language of the grant. The rule that the effect of a deed cannot be restricted because rights or property properly embraced in its language may not have been in the minds of the parties when the sale was agreed upon, was applied in International Lbr. Co. v. Staude, supra, and should be applied here.

It is clear that something was excepted from the grant to Panton. Was it all the timber on the land or was it Gilbert and Buxton's

interest in the timber? There was no occasion for excepting timber theretofore sold and conveyed, for Johnson was not warranting the title and Gilbert and Buxton's rights were a matter of record. The words "reserving all timber" are not appropriate if reference was being made to their rights. They were appropriate if Panton was purchasing nothing but the soil. If the language of the deed had been "reserving to the grantor all timber," there could be no doubt about the nature of the reservation. The words added do not change the meaning expressed by those actually used. We think they must be construed to restrict or limit the grant to the soil and to exclude all timber then growing thereon.

We conclude that under his deed Panton acquired no interest in any of the timber and that it was excepted from the operative effect of the grant and retained by Johnson. Our construction accords with that placed upon the deed by the learned trial court, and hence the judgment is affirmed.

On December 12, 1924, the following memorandum was filed:

## MEMORANDUM.

After the filing of the opinion, a question not argued when the case was heard, was raised by a petition for a rehearing, upon which the court requested additional argument, namely: Did the judgments against Johnson become a lien upon his contingent reversionary interest in the timber and subject it to sale on execution? Before the argument was reached, the parties filed a stipulation waiving a rehearing, hence the question whether a future contingent estate can be sold on execution is left open for determination whenever it arises in the future.

This memorandum is to become a part of the opinion.